West *v.* Lewis Oyster Co.

———————⟨•••⟩———————

LUCY T. WEST *vs.* H. J. LEWIS OYSTER COMPANY.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In view of its manifold and repeated declarations, counsel should understand by this time that this court will not retry conclusions of fact reached by the trial court, except for one or more of the three reasons clearly stated in the rule (Practice Book, 1922, p. 309, § 11) relating to the correction of the finding; and in assigning alleged errors of the trial court in respect to the finding, counsel should not depart from the language of the rule, as all such attempts to secure its enlargement or relaxation are futile.

The grant of a right of way over premises of the grantor "at such point as he or his heirs and assigns may designate," manifestly con-

templates a designation in the future, and a designation not by agreement of the parties but by the act of the grantor himself; and therefore a permitted use of the servient premises for passage pending the grantor's definite location of the right granted, which was thereafter made, does not enlarge or broaden the way to the width of such user.

In the present case there was evidence of such user by the grantee for about three years after the grant. The trial court found that there had been no prior location of the way, that the grantor had then located it, that this location was accepted and used by the grantee, and that the grantor and his assigns had been in open, notorious and adverse possession of the remaining premises for more than the statutory period. *Held* that these findings, which were not made without evidence, disposed of the plaintiff's claim to a right of way over the defendant's premises other than as located by the grantor.

Upon pleading over, after demurrer overruled, a party retains his right of appeal; but if he voluntarily replaces the pleading held defective by another, upon which issues of fact are raised and trial had, the first pleading drops out of the case and no appeal may be had from the action of the court upon it.

The admission made by a demurrer of facts well pleaded, is merely for the purpose of presenting an issue of law to the court, to test the legal sufficiency of such facts; it has no other effect, and cannot prejudice the party demurring in any other proceeding.

A party cannot be aggrieved by an adverse ruling on a demurrer, if he pleads over and final judgment goes in his favor.

Whether one's possession has been open, continuous and adverse, is a question of fact for the trial court, and in the absence of any subordinate facts, cannot be reviewed.

A finding will not be corrected merely to place the appellant's claims in a more favorable light.

Argued January 17th—decided June 1st, 1923.

ACTION to restrain the defendant from obstructing or interfering with a right of way owned by the plaintiff over the defendant's premises, and for damages, brought to the Superior Court in Fairfield County where a demurrer to the complaint was overruled (*Haines, J.*), a demurrer to the second defense and cross-complaint was sustained (*Banks, J.*), and the cause was afterward tried to the court, *Wolfe, J.;* facts found and judgment rendered for the defendant upon the com-

plaint and for the plaintiff upon the cross-complaint, from which each party appealed. *No error on either appeal.*

The plaintiff's husband and predecessor in title, Pehr F. West, on January 31st, 1888, purchased of Henry J. Lewis, defendant's predecessor in title, certain land in Bridgeport bounded north by land of Henry J. Lewis, east by land of George Overton, south by the channel of Bridgeport harbor, and west by land of said Lewis; "together with a right of way for teams and foot passengers, over the premises of said grantor, at such point, as the said Lewis or his heirs and assigns may designate, to and from Pembroke Street." Said Pehr F. West, and later the plaintiff, held the conveyed property up to the time of the beginning of this action. Lewis continued to own the property over which said way was granted until 1895, when he conveyed the same to the defendant company, which has continued to own the same. At the date of the aforesaid conveyance and previous thereto, as a tenant of Lewis for five years, said Pehr F. West had been conducting an oyster business on the premises, and continued to do so for some years thereafter. The servient property owned by Lewis consisted of upland and docks, with a slip adjoining the latter, which was partly bounded on the west by Pembroke Street. This property of Lewis on Pembroke Street consisted of an L shaped tract of land with a frontage on Pembroke Street of 46.6 feet. Over practically the whole of this tract plaintiff claimed in her complaint, and on the trial, a right of way, having a width on Pembroke Street of 43.7 feet, by reason of the same having been used as a way during the five years West occupied the property, afterward sold him, under a lease. On January 31st, 1888, the premises of Lewis just referred to, were free from buildings or other obstructions excepting a fence running along the

northerly line of the property conveyed to West, which fence still remains.

During the time West occupied the premises as lessee, and thereafter while he occupied the same as owner, until the year 1890, West passed to and from his premises across the part of the above described portion of the Lewis premises lying between Pembroke Street and the West premises, but said West never passed across any part of Lewis' premises lying north of West's premises. The soil over which West passed on Lewis' premises was in some places sandy and muddy, and shells and other materials were dumped on the latter premises by West, as well as by Lewis (who also passed over said part of his premises), for the purpose of hardening the same and making it passable for teams. This filling was done in a casual manner from time to time, as the work permitted.

The way thus used by said West extended along a line passing substantially through the house now on said claimed right of way, which house is hereinafter referred to. There was no definite location or designation of a right of way by Lewis, nor by the parties, up to the time of the moving of the building in 1890, hereinafter referred to. In the year 1890 said Lewis moved a building, thereafter used by him and the defendant company as an office, from the southern part of his premises to the part of his premises then being used as a way by said West, which building, with its steps, substantially obstructed the use of the way as it had been used up to that time. This building has been maintained in the same location up to the present time, and Lewis and the defendant company have since that time been in the open, continuous and exclusive possession of the land covered by the building, adversely to the plaintiff and her predecessor in title and under a claim of right.

About the year 1892 or 1893 a fence was built by the said Lewis along the east boundary line between the Lewis premises and the West premises, which fence was maintained for more than twenty-five years, and which fence substantially obstructed the remainder of the claimed way south of said building, so that by the building and the fence all of the claimed way south of the north line of the building was substantially obstructed for the statutory period of limitation, and such obstruction was open, continuous and exclusive, under a claim of right and adverse to the plaintiff and her predecessor in title.

West did not, during the period he occupied the premises as a tenant, nor thereafter at any time, construct a way across the Lewis premises, as described in the complaint and as claimed upon the trial. Upon the moving of the office building, in 1890, as aforesaid, Lewis designated a right of way for West from twelve to fifteen feet in width, which way passed north of the office building and south of the line drawn from the northwest corner of the West premises approximately in a straight line to Pembroke Street, the south line of the way running within one or two feet of the northeast corner of the office building. From time to time Lewis and the defendant company have made slight changes in the location of the way, and the most material change was the shifting by defendant of the way to the north a few feet partly over property later acquired by the defendant and its predecessor in title; but these changes have not materially affected the suitability of the way, which has always been an adequate right of way for the purposes set forth in the grant.

At the time of the moving of the office-building, West objected on the ground that it would obstruct the way to his premises, whereupon Lewis stated that he would give West a suitable right of way, in accordance with

the terms of the grant, and Lewis did thereupon give West a suitable right of way, in accordance with the terms of the grant, which was the right of way above described, passing north of the building, and thereafter, for many years, said West used the way without objection. Neither the defendant nor its predecessor in title has ever agreed with the plaintiff or her predecessor in title to give a right of way in any definite location, or of any definite width, except as stated, nor has the defendant or its predecessor in title made any agreement as to the right of way, except the agreement contained in the grant. Neither the defendant nor its predecessor in title ever gave the plaintiff or her predecessor in title the right of way claimed in the complaint, nor did the plaintiff ever acquire the right of way so claimed.

The property so conveyed to West on January 31st, 1888, was at the time, ever since has been and now is, suitable to be used for commercial purposes only, and with a wider right of way its rental value would be increased. From time to time since the year 1908 the premises have been used by tenants of the plaintiff for business in connection with which automobile-trucks have been used on the right of way, and said premises are now being so used. The right of way used by the plaintiff passes and has passed, since 1890, within ten feet of the office-building of the defendant, and the use of the same by motor-trucks causes noticeable jar and noise on defendant's premises adjacent thereto.

The court concluded as matter of law that the use of practically the whole of the west part of the servient estate for the period of about seven years after the conveyance to West, did not give to West a right of way over the whole of the same; that such use did not constitute such a designation as was contemplated in

the deed either by recognition or acquiescence of the parties; that the designation by Lewis of a different way after the moving of the building, was a legal and proper designation of a way under the provisions of the deed in that regard; that ever since 1893, when both building and fence had obstructed the way formerly used, it had been substantially obstructed; that said obstruction was adverse to the plaintiff and her husband, open, continuous and exclusive, and any title which they had ever had in said land was lost, and defendant had acquired absolute title thereto; that the way designated in 1890 was adequate and suitable, substantially five yards in width, and that the slight changes, since made, have not materially diminished its suitability; that the present use of the way by the plaintiff by motor-vehicles is within her legal right for a proper enjoyment of the same, and is not such an additional burden upon the land as to destroy the right of way.

In its cross-complaint the defendant claimed that the use of the way by motor-vehicles imposed an additional and illegal incumbrance, and sought an injunction restraining such use. The court rendered judgment for the defendant upon the complaint and for the plaintiff upon the cross-complaint. The plaintiff appealed and also the defendant, the latter not upon the judgment upon the cross-complaint upon the facts, but because of the disposition of certain demurrers to the substituted complaint and to certain pleadings thereafter filed in the action. Further facts appear in the opinion.

*Henry E. Shannon* and *James C. Shannon,* for the appellant (plaintiff).

*Sanford Stoddard* and *Joseph F. Berry,* for the appellant (defendant).

West *v.* Lewis Oyster Co.

KEELER, J.   From conclusions of the trial court upon the facts found, the plaintiff appeals, assigning errors of law in the first five reasons of appeal, and, in eleven following reasons, for failure to correct the finding of the court in matters of fact.   In the reasons of appeal, plaintiff, in assigning error in denying her requested corrections of the finding, claims, upon this branch of the appeal, error in that certain facts were found without evidence "reasonably to support the same," and also that certain facts should have been found because the evidence "reasonably supports this claim."   In the motion to correct the finding, upon denial of which by the trial court this part of the appeal is founded, in two paragraphs the proper claim, that "there is no evidence to this effect," appears; in all other paragraphs the claim for correction is made "to accord with the evidence submitted," whether in a given paragraph the correction sought is one of elimination or addition.

To this manner of pursuing errors in a finding of fact the defendant objects, and very properly.   It rests its contention upon the plain provisions of the rule [Practice Book (1922) § 11, p. 309], that correction of the finding can only be made (1) for the refusal of the court to find a material, admitted or undisputed fact; (2) on account of a finding made in language of doubtful meaning, the significance of which is not apparent; (3) for the finding by the court of a material fact without evidence.

It ought not to be necessary in numerous cases for this court to call the attention of counsel to this rule with wearisome iteration, and to emphasize the fact that it will be strictly adhered to.   Attempts by statements of reasons for correction in the manner of which the foregoing is an example, will not succeed in any enlargement or relaxation of the rule, to the extent of

wholly or partially retrying conclusions of fact by the
trial court. If made designedly for the purpose just
alluded to, they are unbecoming; if made inadvertently,
they are a reflection upon the aptitude and discern-
ment of counsel. As, however, plaintiff's counsel on
argument disclaimed any intent to test the findings of
fact by the trial court other than in accord with the
provisions of the rule, we will consider her claims as if
stated with technical accuracy.

It was conceded by plaintiff's counsel that the valid-
ity of her claims of law depended largely upon the cor-
rection of the finding as claimed. So far as these claims
are urged as justified by the finding as it stands without
correction, they will be first considered.

The first claim is that the use of the way across the
servient estate, at the time of the grant and for some-
time previous thereto, by plaintiff's predecessor in
title, passed to the latter by virtue of the grant. Had
the grant been simply of an unlocated right of way,
this fact might have some evidential value, although
by no means conclusive as a matter of law. But the
grant itself negatives any such claim in the instant case,
because the provision for the way, in the deed, is that it
shall be located "at such point as the said Lewis or his
heirs and assigns may designate." Here we have no
general grant of a right of way as existent, or in any
way described or indicated; the provision in the deed
clearly contemplates a designation in the future, and a
designation not by agreement of the parties but by the
act of Lewis. Some meaning must be given to the
words of the grant just quoted, and the trial court
evidently construed the words to mean that Lewis in-
tended to retain the right and power to locate the way
till some time later than the execution of the deed. We
fail to see how this provision is reasonably subject to
any other construction.

Plaintiff's second ground of appeal is the refusal by the trial court to hold that the use of substantially the whole width of the lot forming the servient estate, for a period not exceeding three years after the execution of the purchase deed, without interruption, constituted the designation therein provided for.

In support of this proposition counsel cite considerable authority to the effect that where the location of a granted way is in general terms or is ambiguous, or its precise extent not fixed, or when, at the time of the conveyance, there was a visible, known right of way actually in use, then the acts of the parties, either in the way of assertion by the grantee with acquiescence by the grantor, or designation by the grantor, will be evidence of a location binding upon the grantor, and from which, in a proper case, the court may find such a location. This claim, however, like the one preceding it, ignores the provision in the grant whereby the defendant and its predecessors in title were to designate the location of the way. Taking the finding of the court most liberally in favor of the plaintiff, and assuming, as claimed by her, that, during the period following the conveyance and the time in the year 1890 when Lewis moved the building, West used, as convenience might dictate, a way shifting over the whole of the front part of the servient premises, such a use was entirely consonant with the future location by Lewis of a more definite way. The lot was being filled up and its surface hardened and improved by the efforts of both Lewis and West, and under such circumstances the part of the premises, at any given time, used by West for passage, might fluctuate according to varying conditions. It is entirely reasonable to infer that the unsettled condition of the surface of the servient premises was a reason why Lewis reserved to himself in the deed a future location of the way. There was nothing in the

transaction up to 1890 which signified in law any definite location. West held under the terms of the deed; he was to have a way located for him by Lewis; until this was done he might properly cross the servient land over any reasonable course. Such conduct on his part is of no significance as a foundation for a claimed way covering practically the whole of the part of the lot before referred to, for the terms of the deed control, explain and limit such a use; the only reasonable view of the situation is that it was to exist only as a temporary arrangement pending the full settlement of the matter by an act of designation by Lewis. There is nothing in the case to show that the use then made of the tract by West for passage made any difference to Lewis, or that he was called upon to object to such a use or in any way interfere, until the filling in of the lot and the general development of his other property adjacent made a more specific designation desirable; hence from his silence and inactivity in the matter up to 1890 there can be drawn no inference that a way was to be located in one place rather than another across the servient tract. The case of *Colt* v. *Redfield,* 59 Conn. 427, 22 Atl. 426, greatly relied upon by plaintiff as applied to the facts of the instant case, rather sustains the contention of the defendant and the conclusion of the trial court. The facts found amply justify the conclusion reached by the trial court in this regard.

The third reason of appeal is to the effect that the grantor having, in 1890, designated a right of way differing from that provided for in the deed, without the consent of the grantee, the designation was not binding upon the grantee.

This reason assumes a state of facts entirely at variance with those found by the trial court, which found no designation prior to 1890, and also involves the erroneous assumption by the plaintiff that the

designation of 1890 was not in accordance with the deed. Upon each of these questions the trial court has found facts, and, as we have just said, drawn therefrom proper conclusions of law contrary to those claimed in the reasons of appeal.

In her brief the plaintiff combines her fourth and fifth reasons of appeal, which are (4) that West was assured by Lewis, when obstructions were placed across the original roadway, that another and equally satisfactory way would be given him, if he would be patient, and he thereupon consented, and so Lewis' possession was not adverse to him; and, further (5), that as plaintiff had repeatedly objected to the presence of such obstructions and had each time been assured by the defendant that she would be given all that she was entitled to under the grant, such obstructions did not constitute adverse possession against her. These reasons of appeal also do violence to the facts found by the trial court. As appears in the foregoing statement of facts, West did object to his way being obstructed, and thereupon Lewis promised to give him a suitable right of way in accordance with the terms of the grant, which Lewis thereupon did, being the right of way found by the trial court as now existing, passing north of the building before referred to, and West for many years thereafter used the way without objection. This action constituted acquiescence, and disposes of the contention of plaintiff's fourth reason of appeal, except as the same includes also the question of adverse possession, with which the fifth reason of appeal is concerned. The statement in this last reason, that plaintiff repeatedly objected to the obstructions, is contrary to the express finding of the court that after the way was designated by Lewis, in 1890, and which the court finds to be a suitable way, West used the same without objection. Furthermore, the court has expressly found

that the obstruction of a part of the way once used by West, by the building and fence mentioned in the statement of facts, had been open, continuous and adverse to West and to the plaintiff, and under a claim of right. This question was by our law one of fact, and no subordinate facts are found which in any way contravene it as a conclusion of law.

We therefore conclude that upon the facts appearing in the finding the assignments of error above considered have no merit.

Some of the rectifications of the finding asked for by plaintiff, if made by the court, would place these claims in a more favored position; but a careful examination of the record does not disclose that any fact has been found without evidence, or that any fact established by uncontradicted evidence has not been found. We can find no error upon the plaintiff's appeal.

The defendant appeals from the judgment of the court, alleging that error appears (1) in overruling its demurrer to the complaint, and (2) in sustaining plaintiff's demurrer to defendant's second defense and cross-complaint. No error is claimed by reason of the final judgment in either respect.

So far as the second assignment of error is concerned, it appears that after the plaintiff's demurrer to the second defense and to the cross-complaint was sustained, defendant amended both of these pleadings, and upon them, so amended, issues of fact were raised by reply and by answer of the plaintiff, trial had thereon, and the issues found for the plaintiff. This precludes any appeal from the action of the court upon these last named demurrers. In *Mitchell* v. *Smith*, 74 Conn. 125, 127, 49 Atl. 909, will be found the rule governing such cases, where in the opinion we say: "When a demurrer is overruled, and the party demurring pleads over, he retains his right of appeal. *Hun-*

*ter's Appeal*, 71 Conn. 189, 198 [41 Atl. 557]. But if a pleading to which a demurrer is sustained is voluntarily replaced by another, and the substituted answer takes the place of the original one, which thereafter (unless the substitution was required by order of the trial court) drops out of the case as fully as does a complaint for which another is substituted." This rule is stated in briefer form in *Boland* v. *O'Neil*, 72 Conn. 217, 44 Atl. 15, and has been followed in a number of later cases which it is not necessary to cite.

Recurring to the first assignment of error, relating to the overruling of the defendant's demurrer to the complaint, and its subsequent answering over, we may note that in *Hunter's Appeal*, referred to in the above quotation, this right of appeal is given to a party against whom final judgment is rendered, and presumably not to one who finally prevails. Defendant's counsel state that they apprehend the rule to be as stated, but appeal out of abundant caution in order to save the rights of the defendant in case the judgment of the trial court in the present case be set aside, or if judgment be directed for the plaintiff upon the latter's appeal; also to protect the defendant, in any action subsequently brought, from the operation of a claim of *res adjudicata*.

The complaint contained allegations of a right of way covering practically all of Lewis' land between Pembroke Street and the west line of property conveyed to West, user of this way for thirty-three years, and a recognition by Lewis of the way as existing and properly used by West in 1900, twelve years subsequent to the date of the conveyance. In view of the fact that these allegations were admitted by the defendant's demurrer, the judge before whom it was argued held the complaint sufficient, stating in his memorandum of decision that he did so by reason of the facts plead as above stated.

The defendant afterward plead over and put in issue by denial these same allegations of the complaint, and the issues thereby raised were, in the final judgment, found for the defendant. It is this final judgment, and not the decision of the court upon the demurrer to the complaint, which must control as to its effect any further controversies between the parties as to any issues involved. "A demurrer presents only an issue of law to the court for consideration . . . ; and although it is a rule of pleading, that a demurrer admits facts well pleaded, for the sole purpose of determining their legal sufficiency; yet as a rule of evidence, it was never supposed, that a demurrer admitted anything. *Tomkins* v. *Ashby,* 1 Moody & Malkin, 32." *Pease* v. *Phelps,* 10 Conn. 62, 68. The case cited by the court may be found in Ames' Cases on Pleading (2d Ed., 1905) 15, with annotation, and seems to have been generally followed. "A demurrer admits only facts well pleaded, and sufficient in substance, and merely for the purpose of presenting an issue of law to the court, that their legal sufficiency may be determined, and not to the intent of concluding the party demurring in any other suit. As a rule of evidence, it admits nothing." *Gray* v. *Finch,* 23 Conn. 495, 512. "A demurrer admits the truth of the alleged facts for the sole purpose of testing their legal sufficiency. If the demurrer is overruled, and the defendant answers over, the admission cannot be used as evidence against him. It stands like any other case where the allegations of fact are denied—the facts are determined by the proof, and not by the pleadings." *Crogan* v. *Schiele,* 53 Conn. 186, 208, 1 Atl. 899, 5 id. 673. "A ruling on demurrer becomes of no importance where the same question is again presented and decided after hearing all the evidence in the case." Headnote, *Mallory* v. *Hartman,* 86 Conn. 615, 616, 86 Atl. 567. To the same effect are

the following cases: *State's Attorney* v. *Branford*, 59 Conn. 402, 411, 22 Atl. 336; *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084; *Martin* v. *Sherwood*, 74 Conn. 202, 203, 50 Atl. 564; *Wiggin* v. *Federal Stock & Grain Co.*, 77 Conn. 507, 516, 59 Atl. 607; *Thomas* v. *Young*, 79 Conn. 493, 497, 65 Atl. 955; *State* v. *Spittler*, 79 Conn. 470, 473, 65 Atl. 949; *Scott* v. *Scott*, 83 Conn. 634, 636, 78 Atl. 314; *Schaefer, Jr., & Co.* v. *Ely*, 84 Conn. 501, 507, 80 Atl. 775; *Thomas' Appeal*, 85 Conn. 50, 51, 81 Atl. 972; *O'Brien* v. *Doolittle*, 91 Conn. 354, 355, 99 Atl. 1055.

The defendant could not have been aggrieved in any way by the ruling on demurrer above considered, and as the judgment was in its favor had no ground of appeal.

There is no error on either appeal.

In this opinion the other judges concurred.