SUPERIOR COURT *vs.* BERNARD A. McGUINNESS *et al.*

MARCH 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   This is an action of debt on bond brought
in the name of the Superior Court, obligee on a temporary
receiver's bond given by Bernard A. McGuinness as tem-
porary receiver of Pawtuxet Public Market, Inc., for the
benefit of Luther G. Hoyle, a creditor of said market,
against said McGuinness, the principal in said bond, and
against the Indemnity Insurance Co. of North America,
surety, to recover $475.   The case was heard by a justice
of the Superior Court, sitting without a jury, who rendered
decision for the defendants on the ground that no breach of
condition in said bond had been shown, and the case is here
on the plaintiff's exception to said decision.   Said insurance
company—from whom Hoyle is endeavoring to collect his
claim—is the active defendant in the case.

On July 25, 1930, the Superior Court entered a decree
appointing McGuinness temporary receiver of the Pawtuxet
Public Market, Inc.   On the same day he qualified by
filing a bond on which the insurance company was surety.
Thirteen days thereafter said court entered a decree appoint-
ing McGuinness permanent receiver of the corporation.
Said decree set forth his duties and directed him to file a
bond as permanent receiver.   He failed to file such a bond.
Seven weeks after the entry of said decree the Superior
Court entered a decree granting his petition to sell the

stock and fixtures of the corporation for $1,250. The report of the permanent receiver shows a cash balance of $588. On December 2, 1933, the Superior Court entered a decree directing McGuinness, as permanent receiver, to pay to Luther G. Hoyle, the actual plaintiff herein, $475 as rent of the premises occupied by the receiver. Thereafter said court adjudged McGuinness in contempt for failing to comply with said decree.

This action was brought for breach of the bond of the temporary receiver. The condition in said bond is as follows:

> "If the said Bernard A. McGuinness shall in all cases comply. with the orders of said Superior Court as such temporary receiver and shall faithfully account for and pay over all money and property coming into his hands as such temporary receiver in complying with the orders of said court, then this obligation shall be void, otherwise to be and remain in full force and virtue."

It does not appear that the temporary receiver breached the condition of this bond. He took possession of the assets and held them for thirteen days, at the end of which time the Superior Court, by decree, directed him to take over the assets as permanent receiver. He must have so taken them in compliance with this decree of the Superior Court. The alleged breach of duty was the failure to comply with the decree of the Superior Court directing him as permanent receiver to account for the proceeds of the sale of assets. As permanent receiver he failed to file a bond as directed by the decree appointing him. Said decree did not direct him to file the bond before entering upon his duties as permanent receiver.

The plaintiff contends: first, that McGuinness, as temporary receiver, failed to preserve the assets when he turned them over to himself as permanent receiver, before giving a bond in the latter capacity, and thereby breached the conditions of the bond; second, that as he never qualified

as permanent receiver by filing a bond he never became permanent receiver, and consequently that he must have been acting as temporary receiver when, although acting under decree of said court instructing the permanent receiver, he sold the assets; and, finally, that he must have been holding the proceeds as temporary receiver when he misappropriated them.

By decree the Superior Court ordered him to take over the assets as permanent receiver and later, being unaware of the fact that he had failed to file a bond, authorized him to sell the assets and thereby obtain the proceeds which were misappropriated. The court, although without knowledge that he had failed to file a bond, certainly considered him a permanent receiver long before and at the time of his wrong doing and authorized him as permanent receiver to perform every act which, after his appointment as such, he did concerning the estate, except the misappropriation and failure to pay over the proceeds as directed. It cannot be denied that he was a *de facto* permanent receiver, and, being such, he was not a temporary receiver when he failed to obey the orders of the court.

The surety never agreed, expressly or impliedly, to follow up the case and advise the court that it should insist that a bond be filed by the permanent receiver before he was authorized to convert the assets into cash.

In 53 C. J. at page 412 it is stated that: "The extent of the liability of the sureties of a receiver can be ascertained only by the terms of their bond, and in accordance with the general rule such liability cannot be extended by implication beyond the precise terms and scope thereof." See *State* v. *Spittler*, 79 Conn. 476.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Hugo A. Clason*, for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds*, for defendant, Indemnity Insurance Company of North America.