ROLAND E. LAVOIE v. GEORGE MARSHALL ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN and WYNNE, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 8—decided November 23, 1954

*Raphael Korff,* for the appellants (named defendant et al.).

*David R. Lessler,* for the appellee (plaintiff).

O'SULLIVAN, J. The following facts found by the court will be ample to serve the purpose of this appeal. In the early 1940's, Lester B. and Opal Shelton became the owners of approximately 200 acres of land. That part which is involved in this litigation lies in the town of Shelton. On the west, the tract abuts a public highway known as Booth's Hill Road. The property was, when acquired, uncultivated pasture and woodland. Visible on it were traces of paths made by cattle and by vehicles used in hauling wood. Two entrances through barways led from the highway, one near the northwest corner, and the other about 150 feet south of that corner.

On January 12, 1949, the Sheltons conveyed an interior lot to the defendants George and Bernice Marshall. The westerly line was described as 150 feet in length and as being 300 feet from the highway. The conveyance contained this clause: "Also granting a right of way over the land of the grantors to Booth's Hill Road." Sometime before the delivery of the deed the parties had gone upon the property and had staked off the lot. On that occasion, as well as at the time of the execution of the deed in an attorney's office, the Marshalls had been told that the right of way to be granted would run westerly to the highway in a straight line from a point at the southerly line of their lot—a distance of 300 feet—and the deed was accepted upon that understanding. Such a way would lead to the more southerly of the two barways mentioned above.

During the spring of 1949, the Marshalls com-

menced work on the foundation of a home upon their lot. The granted right of way was then grown to brush and, until cleared and improved, would not be readily adapted for use by trucks carrying building materials. At that time there was a pathway running diagonally from a point near the southwest corner of the Marshall lot toward the more northerly of the two barways. Since this pathway was less obstructed and on higher ground than the right of way, the Marshalls sought and obtained oral permission to use it temporarily in delivering building supplies to their lot.

In the fall of 1949, the Sheltons conveyed another interior lot to the defendant Guest and, later on, still another to Edna A. Sanford, through whom the defendant Wells subsequently derived title. Guest has joined the named defendant in this appeal, but Wells has refrained from doing so. The northerly boundary of the Guest lot was described as fifty feet south of the southerly line of the Marshall property, the fifty-foot strip being reserved by the Sheltons as a possible location for a future public highway. Similar reference appears in the deed to Wells's predecessor in title, whose lot, lying just north of the strip, was some distance to the east of the Marshall property. Both the Guest and the Sanford conveyances contained the grant of "a right of way over land of the said Lester B. Shelton and Opal A. Shelton . . . to Booth's Hill Road." One of the Sheltons had indicated to Guest the same location for his right of way as had been pointed out to the Marshalls for theirs.

On November 1, 1949, the Sheltons conveyed to the plaintiff the lot lying between the Marshall property and the highway. As a neighborly gesture the plaintiff allowed the Marshalls and the other de-

fendants to continue to make temporary use of the diagonal pathway upon his land. In the meantime, the defendants worked on the right of way leading to the southerly barway, clearing brush and smoothing out the surface. Although this right of way has been and can be used by vehicles, the defendants eventually became dissatisfied with it because of an outcropping of rock. To blast the rock would cost a substantial sum.

After the defendants had used the diagonal path over the land of the plaintiff for about a year, he inclosed his lot and erected a gate across the path. When the defendants threatened to remove it, he instituted the present action. The court granted the injunction sought by him and restrained the defendants from using the diagonal path and from removing the fences.

The defendants are not entitled to have the finding corrected by adding facts which they insist are admitted or undisputed. Section 447 of the Practice Book requires that "[i]f a party claims that a fact should be found on the ground that it is material and either admitted or undisputed, the evidence or transcript of proceedings upon which the claim is based should be printed." The failure of the defendants to print an appendix renders impossible any addition to the finding. *State* v. *Reddick,* 139 Conn. 398, 401, 94 A.2d 613. Nor can the defendants have the finding corrected by striking out certain paragraphs to which they object, since there is ample evidence appearing in the appendix to the plaintiff's brief to support each of the challenged paragraphs.

The basic claim of the defendants is that, being purchasers of interior land acquired by a deed which granted a right of way but failed to describe its location, they are entitled, as a matter of law, to

use the diagonal way over the plaintiff's premises because it is the most convenient and reasonable means of access to and from their lots and because it was already in existence at the time of the grant. This claim has no application to the case at bar, whatever might be its merit under different circumstances. See *Marshall* v. *Martin,* 107 Conn. 32, 37, 139 A. 348; *Myers* v. *Dunn,* 49 Conn. 71, 78. The court has found that, prior to the conveyances, the grantors pointed out to the defendants the course of the proposed right of way and that this course to Booth's Hill Road was along the continuation of the southerly line of the Marshall property rather than over the existing pathway to the more northerly barway. By the acceptance of their respective deeds, the defendants confirmed the location of the granted way as indicated to and understood by them. When parties to a deed agree to the location of a way, that agreement will govern, at least when the way is capable of the use required for the benefit of the dominant estate without the expenditure of an unreasonable sum of money in improving its surface. That the court permitted the introduction of parol evidence to establish the location was not improper. Such evidence was admissible and did not contradict or vary the terms of the deeds. *Kinney* v. *Hooker,* 65 Vt. 333, 336, 26 A. 690; 2 Thompson, Real Property (Perm. Ed.) p. 162; 17 Am. Jur. 988. Since the way, when properly worked, will be reasonably adapted for its purposes, its location may not now be shifted at the pleasure or convenience of the grantees. *Colt* v. *Redfield,* 59 Conn. 427, 432, 22 A. 426. We observe, parenthetically, that the defendants have never maintained their ownership of a right of way by necessity. Whether such a claim would advantage their position is not determined.

They have gone no further than to argue, first, that the diagonal way was theirs to select since the deeds did not locate the way, and, second, that even if, as urged by the plaintiff, the way was agreed to, the rugged condition of that way made it legally possible for them to select another way more convenient for them to use.

The defendants assign error in the court's refusal to grant their motion, made and reiterated during the course of the trial, to view the premises. Granting or refusing to grant such a motion rests in the sound discretion of the court. *Dickson* v. *Yale University,* 141 Conn. 250, 256, 105 A.2d 463; *Greenberg* v. *Waterbury,* 117 Conn. 67, 73, 167 A. 83; 4 Wigmore, Evidence (3d Ed.) p. 294; 2 Jones, Evidence (4th Ed.) p. 763; 53 Am. Jur. 784. The court had the benefit of demonstrative evidence of the locus. It had received in evidence maps, sketches and photographs and had heard testimony from several witnesses as to the condition of the property and the location of both the diagonal way and the way which, according to the plaintiff, was agreed upon by the parties. We find nothing in the circumstances surrounding the court's denial of the motion to indicate an abuse of discretion.

Other assignments of error deal with rulings on evidence. In several instances the defendants, when raising an objection to a question, failed to state to the court the ground of their objection, as required by rule. Practice Book § 155. In the absence of a statement of the ground relied on before the trier, we do not usually consider the ruling. *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A.2d 912; *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346; Maltbie, Conn. App. Proc., p. 61, § 44 (b). We do not pass upon a newly thought of reason for admitting or ex-

cluding evidence, since that reason was not before the court at the time of the ruling. *Voegeli* v. *Waterbury Yellow Cab Co.*, 111 Conn. 407, 410, 150 A. 303. In three instances the defendants did not except. It is the policy of this court not to review rulings on evidence where no exception was taken. *State* v. *Silver,* 139 Conn. 234, 245, 93 A.2d 154; Practice Book § 155. All other rulings assigned as error were either correct or, if incorrect, harmless.

There is no error.

In this opinion the other judges concurred.