STATE OF CONNECTICUT *v.* JAMES DUCKWORTH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-10813

Argued November 1, 1965—decided April 8, 1966

*James C. Deakin,* of Danbury, for the appellant (defendant).

*Howard J. Moraghan,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant, in an information charging him with the crime of operating a motor vehicle while his license to operate was under sus-

pension, in violation of § 14-215 of the General Statutes, was found guilty after a trial to the jury and has appealed, assigning error in the admission of certain evidence.

The state called Paul Horvay, an inspector for the department of motor vehicles who had in his possession the original as well as a certified copy of the defendant's driving record as compiled by the commissioner of motor vehicles under § 14-3 of the General Statutes. The state offered in evidence the defendant's driving record, which was excluded by the court. The state then proceeded to ask the witness the following: "Q.—Inspector, would you tell me what the record of Mr. Duckworth indicates in terms of the status of his license in the state of Connecticut at the present time? The defendant: I am going to object. The court: Overruled. A.—It is at present under suspension. Q.—When was it suspended, if you know, by the date? The defendant: Again, I am going to object to it. It is a question based on hearsay. The court: I will overrule your objection. He is the keeper of the records they have established. You may have an exception to it. The defendant: May I have an exception on the previous objection? A.—Effective date of first suspension July 22, 1964. Q.—Has a license of record been reinstated from July 22, 1964, through today? The defendant: I object to that. A.—No, sir, there is no reinstatement indicated. The defendant: May I have an exception?"

The defendant, in his brief and argument, maintains that the above evidence was inadmissible for the following reasons: (1) It was hearsay and (2) it violated the best evidence rule. As to the latter, we cannot consider it, as the defendant is confined in this court to the ground of objection put forward by him in the trial court. *Salvatore* v. *Hayden,* 144

Conn. 437, 443. We do not pass upon a newly thought of reason for admitting or excluding evidence, since that reason was not before the court at the time of the ruling. *LaVoie* v. *Marshall,* 141 Conn. 681, 687. An exception is taken to the ruling of the court on the claim made before it and is so reviewed in this court. In two instances the defendant, when raising an objection to a question, failed to state to the court the ground of his objection, as required by the rules. Practice Book § 226. In the absence of a statement of the ground relied on before the trier, we do not consider the ruling. *LaVoie* v. *Marshall,* supra; *Casalo* v. *Claro,* 147 Conn. 625, 629.

As to the only question to which the defendant objected and gave a reason for his objection, we cannot say, from the testimony before us, that the court's ruling was erroneous. The only ground of objection was that the question called for an answer predicated upon hearsay evidence. The state had established that the records which the witness referred to were made in compliance with § 14-3 of the General Statutes and that he was the custodian of the records. The defendant did not claim that the state had failed to establish that the entry was made as prescribed by the statute, or that the state had failed to offer a certified copy of the portion of the record pertinent to the offense charged. The court did not err in overruling the objection of the defendant made on the ground stated. *State* v. *Ferraiuolo,* 145 Conn. 458, 464. Furthermore, the defendant could not have been harmed by the court's ruling, since the state introduced in evidence, without objection, a certified copy of the notice of suspension of the defendant's driver's license.

There is no error.

In this opinion PRUYN, J., concurred.

LEVINE, J. (dissenting). I do not agree with the opinion of the majority with respect to the claimed error in the admission of the testimony of the motor vehicle inspector, Horvay. Inspector Horvay was entrusted with a certified copy of the defendant's motor vehicle record, maintained by the commissioner of motor vehicles in accordance with § 14-3 of the General Statutes. He carried, as a messenger, that record from the motor vehicle department to the court. The court excluded the record from the evidence but thereafter the inspector was permitted to testify as to its contents and that the defendant was under suspension. The defendant's objection to Horvay's testimony was correct. Horvay's regular job with the department was investigation, and his only knowledge of the defendant's driving record, if any, would be from the department record, and that record was not in evidence. Horvay's testimony therefore was from a document not in evidence, and as such was hearsay evidence. "A fact appearing in an official record cannot be proved by hearsay." *Gray* v. *Mossman,* 91 Conn. 430, 437; see *Hogewoning* v. *Hogewoning,* 117 Conn. 264, 266; *Johnson* v. *Palomba Co.,* 114 Conn. 108, 115.

It clearly appears that the erroneous admission of this hearsay evidence was prejudicial to this defendant before the jury, and therefore it cannot be called harmless error. In the view which I have taken, the judgment should be reversed and the case remanded for a new trial.