[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 28, 1949, Peter Oboyski conveyed a six and three quarter acre tract of land on Long Hill Road to Peter Stanish and Lorraine Stanish. The deed contained the following language:
 The Grantor, however, reserves, as appurtenance thereto a right of way over the existing driveway and a continuation thereof to other land of the grantor in the rear and to the east of the above described parcel.
By mesne conveyance, the above described land was conveyed to the relatives of the grantee. The plaintiff herein was the grantee, who received a deed on April 4, 1974, which included the above appurtenance.
Plaintiff has brought this suit to determine the existence, boundary and use of said right of way. The land owned by the plaintiff lies to the east of the Stanish land, and, except for the CT Page 328 right of way, is land-locked.
The plaintiff claims:
1. A declaratory judgment determining:
 a. Whether or not the plaintiff has a right of way over the land of all, or some, of the defendants.
 b. If the plaintiff has a right of way, the priority of any such right of way over the interests of any defendant who claims an interest in any of the lands of the other defendants.
 c. If the plaintiff has a right of way, the extent of permissible user, including the right to install utilities within the right of way.
d. fixing and determining the location of the right of way.
2. An injunction prohibiting the defendants from interfering with the plaintiff's use and enjoyment of the right of way.
The defendants have denied the claims of the plaintiff and filed three special defenses, to wit:
First Special Defense
If and to the extent that the plaintiff owns an easement over land of the defendants, said easement is limited to the reasonable uses which could have been made of it as of the date it was created, which reasonable uses do not include a 20 foot wide right of way for access for commercial vehicles to a proposed subdivision; and do not include installation and maintenance of utilities whether underground or overground.
Second Special Defense
If and to the extent that the plaintiff acquired an easement over the defendants' lands, said easement is limited to the use which was intended to be made of it as of the time it was reserved to the plaintiff's predecessor in interest, which use was for recreational access only, for the purpose of hunting, fishing and camping on the land. CT Page 329
Third Special Defense
The plaintiff has access to his land over neighboring property which abuts his land and is not the property of the defendants.
The court finds that the plaintiff has a right of way over the land of the defendants, Thomas R. Stanish, Peter J. Stanish Jr., Donna J. Stanish, Lorraine G. Stanish, Estate of Peter J. Stanish, and Thomas J. Stanish, Trustee.
 I Creation of Right
The right of way was created by grant and not by preemption.Birdsey v. Kosienski, 140 Conn. 403, 412.
 "The owner of land over which an easement has been granted has, by law, all the rights and benefits of ownership consistent with the existence of the easement. [citations omitted] The owner of an easement has all rights incident or necessary to its proper enjoyment, but nothing more. [citations omitted] of necessity, the interests of the owner of the easement often conflict with the interests of the owner of the burdened estate. By law, however, each of the parties owes certain duties to the other." Center Drive-In Theatre, Inc. v. Derby, 166 Conn. 460, 464.
 "`The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit.' 2 Thompson, op. cit. § 427, p. 699. . . . ordinarily when opinions speak of the `use' of an easement it arises in right-of-way cases. Thus `uses' frequently involves the amount of traffic over the easement or alterations to the land to make it passable." Id., p. 465.
 "The rights of an easement owner and the owner of the servient tenement are correlative. Even absent a proviso in the deed restricting the grantor to noninterfering uses of the land, the CT Page 330 law implies such restrictions. [citations omitted] When, however, what is necessary for the use and enjoyment is uncertain, a standard of reasonableness is imposed." Connecticut Light Power Co. v. Holson Co., 185 Conn. 438, 443.
 "USES NOT INCONSISTENT WITH CONVEYANCE. So far as the language of the conveyance creating an easement precisely defines the privileges of the owner of it, the privileges of use of the owner of the servient tenement are also precisely defined. As the precision of definition decreases, the application of the principle that the owner of the easement and the possessor of the servient tenement must be reasonable in the exercise of their respective privileges becomes more pronounced. Under this principle, the privilege of use of the possessor of the servient tenement may vary as the respective needs of himself and the owner of the easement vary." 5 Restatement, Property (1944) 486, comment (a).
 II Extent of Easement
 ". . . where the terms of the grant or reservation of an easement are general and ambiguous, the contemporaneous acts of the parties giving a practical construction to it will be deemed a just exposition of their intent. And after the easement has been located and confirmed by both parties, it cannot afterwards be shifted at the pleasure or convenience of one of them." Colt v. Redfield, 59 Conn. 427, 432.
 ". . . where an easement has been granted in indefinite terms, and the owner of the dominant estate has definitely fixed its location and the manner of its use, he cannot thereafter change the location or use without the consent of the owner of the servient estate." Richardson v. Tumbridge, 111 Conn. 90, 96.
"Connecticut courts have held that a right-of-way CT Page 331 stated in general terms is limited to a way actually taken and used by the grantee of that right." Wilson v. DeGenaro, 36 Conn. Sup. 200, 209; 181 Conn. 485 affirmed.
In Lichteig v. Churinetz, 9 Conn. App. 406, the easement was "created in general terms and without any restrictions on its use." P. 410.
In the instant case, the right of way refers to "the existing driveway". This limits the use to the site of the "existing driveway", and cannot be shifted at the convenience of either.
 III Location of Easement
In Wilson v. DeGenaro, supra, the words used in the easement are "as now laid out." "To lay out a highway is to locate it and define its limit." Crawford v. Bridgeport, 92 Conn. 431, 436.
 "The annotation `Width of way created by express grant, reservation, or exception not specifying width' in 28 A.L.R.2d 253, sums it up: `Ordinarily, a grant or reservation of a right of way by instrument referring to an existing way at the place contemplated, and not otherwise indicating the width of the passage, operates to limit the width to that of the existing way. . . ." Id., 267. Such a reference leaves `little ground for the contention that the intended width was other than that of the existing way.' Id., 268." Wilson, p. 204.
 "Location, by definition, signifies and implies the determining of applicable boundaries. The grantor referred to something actually in existence. It was there. It would be illogical to assume he intended to specify its location (boundaries) but, without so stating, not specify its width, which was inevitably part of those boundaries. Perhaps he could have done so, but he did not. His referral to the right of way `as now laid out' clearly tied it down to the dimensions then and there existing." CT Page 332 Wilson, pp. 202-203.
The deed which created the right of way (Ex. B) referred to "the existing driveway". This "operates to limit the width to that of the existing way." Wilson p 204.
 "Generally, land rights are to be determined at the time they are granted. [citation omitted] Where a way is created without specifying any particular width, even though the road was in existence, the right-of way is limited to the width as it existed at the time of the grant." Wilson, p. 209.
 "The easement not being specifically defined, the rule is that the easement be only such as is reasonably necessary and convenient for the purpose for which it was created. 17 Am.Jur. 996, § 97; 19 C.J. 968, § 204. A right of way granted in general terms is limited to a way of the width and location actually taken and used by the grantee of the right." Wilson, pp. 209, 210.
 "When a grant of a right of way does not fix the exact route it is to follow, its location is established, in accord with the reasonable convenience of the dominant and servient owners, by the practical location and use by the grantee, acquiesced in by the grantor at the time." Gaffney v. Pesce, 149 Conn. 17, 19.
 IV. Utilities
The right of way is a right of passage. Hence, no utility poles or wires may be installed within said land. "The laying of pipes for water, gas or oil has generally been said to be not incidental to the rights of an owner of a right of way, the theory being that his rights are merely those of a right of passage and not in the fee, and that such installations constitute an additional burden upon the servient tenement or a trespass. Similarly, although there is authority to the contrary, it has been held that erecting electric light poles and wires over and along a CT Page 333 right of way constitutes a new and additional burden upon the fee and is an obstruction in one way or another." 25 Am.Jur.2d, "Easements and Licenses," Section 81. See Kuras v. Kope,205 Conn. 332, 351.
* * * * * *
The plaintiff and his heirs and assigns have a right of way to pass and repass, on foot and by vehicle, over a strip of land ten feet wide and having as its center line the mid-line of "Right of way over land of Stanish to land of Duane Cushing", on the map known as "Map of Property owned by Duane Cushing Guilford, CT. Scale 1" = 40' June 5, 1978. Surveyed by Robert C. Hart P.E. 
L.S. Madison Ct. Sheet 1 of 2", (Exhibit 1) recorded as Map No. 2301 on file in the Guilford Land Records. This right of way is limited to a right to pass and repass and does not include the right to install utilities either above ground or underground.
Defendant's request for an injunction is denied.
First Special Defence is granted.
Second Special Defence and third Special Defence are denied.
Robert P. Burns, Judge