JOHN E. KELLY, ADMINISTRATOR, vs. THE CITY OF
WATERBURY ET ALS.

Third Judicial District, New Haven, June Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A decision on a demurrer is the law of the case until reversed on appeal; and if the party demurring fails to take judgment for failure to plead over, but at the trial obtains a directed verdict and judgment thereon, an appeal from such judgment alone does not bring to this court for review the issues decided by the demurrer.

In an action for damages against a patrolman, a sergeant of police, and the superintendent of police of a city, for the alleged negligence of the patrolman in driving the city patrol automobile and thereby causing the death of the plaintiff's intestate, the plaintiff offered evidence that the decedent's sister told the superintendent what she had heard a patrolman say concerning the driver's competency, and that the superintendent replied that he knew the driver was not just what he should be but he had done the best he could. The plaintiff then offered to prove what the witness had heard from others, but the court ruled that, in the first instance, such statements should not be received unless made necessary by the nature of the superintendent's reply, which the witness might state. The witness then gave the reply, which went no further than the statement previously testified to. Held:—

1. That such reply was insufficient to prove the driver's incompetency,

and that the court's ruling was a wise one, since it excluded hearsay until such time as it became admissible for the purpose of understanding the meaning, scope and extent of the superintendent's reply.

2. That if it be assumed that the superintendent heard and understood the statement and knew whether its facts were true, he was not in a situation which called for a reply, since the subject-matter of the statements were not in the line of his duty as superintendent, and hence his silence could not be used as an admission against him.

It is not proper to submit to a witness who is an expert driver of an automobile a hypothetical question in which the facts surrounding the accident are assumed to be in accordance with the plaintiff's proof, and then inquire of him whether or not the driver of the car gave evidence of being an inexperienced driver. Such an offer is an attempt to give the conclusion of the witness upon the same facts upon which the trier is to adjudicate, and such conclusion is one which the average trier can resolve as satisfactorily as the expert.

It seems that if the work or conduct under consideration has an established character, by reason of its technical nature or otherwise, and this is relevant and material to the case, the opinion of the qualified expert as to what may be the proper standard may be laid in evidence, and the trier may then utilize this opinion in applying the facts and reaching his ultimate conclusion.

Submitted on briefs June 10th—decided July 22d, 1921.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the negligence of the defendants Petrosky, McLean and Beach, members of the police department of the defendant city, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained as to the city only (*Kellogg, J.*), and the cause was afterward tried to the jury before *Banks, J.;* the court granted a motion for nonsuit as to McLean and Beach and directed the jury to return a verdict for the city; the jury returned a verdict for the city and also one for the plaintiff for $4,000 damages as against Petrosky, and from the judgment thereon the plaintiff and Petrosky appealed. *No error.*

*Nathaniel R. Bronson, Lawrence L. Lewis* and *Charles E. Hart,* for the appellant (plaintiff).

*Francis P. Guilfoile* and *Ulysses G. Church,* for the appellant (defendant Petrosky).

WHEELER, C. J. This action is brought to recover damages for the loss of life of the plaintiff's intestate caused by the alleged negligence of Petrosky, a patrolman of the city of Waterbury, in driving its police patrol automobile when in the execution of the business of the police department of the city and by order of McLean, the sergeant of police. The complaint alleges: that the superintendent of police, Beach, had the authority to provide experienced and competent drivers for the patrol automobile, and, although he knew Petrosky was not an experienced and competent driver, he permitted him to serve in this capacity; that McLean, a sergeant of police, had assigned Petrosky to this duty although he knew him to be inexperienced and incompetent; that the city of Waterbury was alleged to be liable because of the said negligence of Beach, McLean and Petrosky.

The demurrer of the city of Waterbury to the complaint was sustained upon the ground that the alleged wrongful acts of Beach, McLean and Petrosky were performed by them in the exercise of a public and governmental function for which the city could not be held liable. The complaint was not attempted to be amended so as to avoid the decision upon the demurrer. Until reversed on appeal this ruling became the law of the case, and a judgment in favor of the city, upon the neglect or refusal of the plaintiff to plead over, was a necessary consequence.

The parties and the court appear to have assumed that the issue of the city's liability was before the jury.

That was a misconception of the pleadings. Possibly the parties understood that the issue of the city's liability was before the jury because the answer filed subsequent to the demurrer was signed "defendants." But "defendants" could only include those defendants who were entitled to answer. Since the demurrer had removed the city from the case until, by amendment, another or an improved cause of action against it had been filed, it was no longer one of the defendants. The court directed a verdict for the city because it held that the ruling upon the demurrer conclusively determined its nonliability. The verdict and judgment followed, the same judgment as if judgment had been duly entered after the demurrer had been sustained. No appeal was taken from the sustaining of the demurrer, hence the court's ruling that the defendant city was not liable, because engaged, through the acts of negligence alleged, in governmental duty, is not before us. Petrosky's appeal is without merit. The verdict against him was not against the evidence, and we cannot hold that the damages were excessive.

The denial of the motion to set aside the nonsuit as to Beach was clearly right upon the evidence before the court. Without the evidence, which was excluded, there was no evidence which would sustain a judgment.

Two rulings excluding this evidence are assigned as error. The evidence, if admissible, was admissible against both Beach and Petrosky.

Mary A. Kelly, sister of plaintiff's decedent, testified that she told the defendant superintendent of police Beach, what she had heard certain patrolmen under him say, and that he replied "that he knew he (Petrosky) wasn't just what he should be, but he had done the best he could." Thereupon counsel for the plaintiff asked the witness to use the exact language used by her in her statement to Beach, including what she

had heard from the officers. The claim was to prove from this offer that Beach knew that Petrosky was incompetent when he ordered him upon the duty in the performance of which decedent was injured. The court ruled that, in the first instance, the inquiry should be whether the witness had heard statements as to Petrosky's competence or incompetence, without stating what these statements were, and then she should give what Beach said in reply. The reply of Beach went no further than as already made. Clearly this was quite insufficient as tending to prove the incompetency of Petrosky. In its ruling the court plainly told counsel that the answer of Beach might require that the entire statement of Miss Kelly as to what she told Beach the officers had told her as to the competency of Petrosky, should be admitted. If Beach had specifically commented upon what Miss Kelly told him the officers had told her, a situation would have arisen such as the court was anticipating. We think the ruling was a wise one; it excluded from the consideration of the jury hearsay until such time as it became admissible for the purpose of understanding the meaning, scope and extent of the reply of Beach.

But if the statement of the officers had been admitted, Beach was under no obligation to deny or admit the facts contained in the statement. If the circumstances be assumed to show that Beach heard and understood the statement and knew whether the facts embraced in the statement were true, it is certain that he was not in a situation which called for a reply and that the circumstances did not naturally call for a reply from him. *Fox Piano Co.* v. *Bennett, ante,* 448, 114 Atl. 529; *Commonwealth* v. *Kenney,* 53 Mass. (12 Metc.) 235, 237; 2 Wigmore on Evidence, § 1071. Beach was approached by Miss Kelly as the superintendent of police, and as such he was under no obligation to reply.

The subject-matter of the statement was not in the line of his duty; so that, had he remained silent, that fact could not have been used as an admission against him.

The plaintiff produced as a witness in chief one Hollister, who duly qualified as to the driving, handling and care of automobiles. Assuming the facts surrounding the accident to the deceased and the conduct of Petrosky to be in accordance with plaintiff's proof, counsel for the plaintiff inquired of the witness as to whether or not the driver of this car gave evidence of being an inexperienced driver. Incompetency and inexperience cannot be established in this way. If this were done it would substitute the judgment of the expert for that of the trier upon the facts in evidence. The negligence of a defendant cannot be testified to by the expert upon a consideration by him of the facts in evidence. Nor can the expert testify that conduct at a given time was negligent or otherwise. Where the circumstances required that a certain course of conduct should be observed, the expert may testify as to the proper course of conduct in the given circumstances. Our own rulings upon this subject are consistent and broader than in most jurisdictions. For example, we permitted expert evidence as to what would constitute reasonable and proper management of an electric car in case of a collision between a wagon and a car approaching from the rear; *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 37 Atl. 397; and we permitted expert evidence as to what would be proper military conduct in a given situation; *Gray* v. *Mossman*, 91 Conn. 430, 439, 99 Atl. 1062; and, practically, we ruled that an expert may testify as to whether certain conditions of work were safe or not; *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 651, 78 Atl. 422. So we permit the expert to testify as to the sufficiency of a

dam, *Porter* v. *Pequonnoc Mfg. Co.*, 17 Conn. 249, 255; as to the necessity for a railing along the road, and as to the safe condition of a road, *Taylor* v. *Monroe*, 43 Conn. 36; as to whether a place was dangerous or not, *Ryan* v. *Bristol*, 63 Conn. 26, 37, 27 Atl. 309; as to whether a machine was likely to frighten horses, *Barber* v. *Manchester*, 72 Conn. 675, 45 Atl. 1014; as to whether a highway was reasonably safe, *Dean* v. *Sharon*, 72 Conn. 667, 45 Atl. 963. But these instances involve quite a different principle from that involved in the admission of an opinion that upon a given set of facts a person is negligent or incompetent in his calling. Such an opinion calls for consideration of all the facts surrounding the situation, and then determining upon them an ultimate issue in the case. That issue is a mixed question of law and fact for the trier. The standard required by the work done or to be done may be presented, and the facts surrounding the situation, but the application of the standard to the facts proven must be left to the trier. When negligence rests upon ascertaining what the conduct of the man of ordinary prudence would have been, the issue is one for the trier, and the opinion of the trier in the application of the standard of what ordinary prudence would have done is controlling. It cannot be aided by the opinion of others upon the same circumstances. And so, too, the competency of a driver similarly depends upon the trier determining, upon all the surrounding facts, whether the driver was competent. The trier cannot be aided by having in evidence the conclusion of the expert upon the same facts he is called upon to adjudicate upon, for the conclusion is one which the average trier can resolve as satisfactorily as the expert. But if the work or conduct under consideration has an established character, by reason of its technical nature or otherwise, the opinion of the qualified expert

as to what may be the proper standard may be laid in evidence, and the trier may then utilize this opinion in applying the facts and reaching his ultimate conclusion.

There is no error.

In this opinion the other judges concurred.