## CHARLES W. HARRISON vs. FANNIE K. HARRISON.

Third Judicial District, New Haven, June Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

The Superior Court has no authority to reserve a cause for the advice of this court, and cannot confer jurisdiction upon it to give advice, where, in the stipulation for the reservation, counsel have not stated any question upon which advice is desired, and have failed to include therein the matter required under § 71 (Practice Book, p. 286) of the rules of this court.

A reservation which presents only facts for consideration and asks merely "whether on the agreed facts the plaintiff is entitled to recover from the defendant," is not included within or intended by the provisions of § 70 (Practice Book, p. 286) of the rules of this court, limiting reservations to cases in which the questions of law presented are such that it appears that their present determination will be in the interest of simplicity, directness and economy of judicial action, and hence it will not be entertained.

In an action to recover damages for refusing to release an attachment upon the plaintiff's property and to have the attachment declared void, the defendant, by demurrer, raised the question whether an attachment made in a divorce proceeding, in which by final decree the defendant had been ordered to pay a fixed sum and in addition to make weekly payments to the divorced woman during her lifetime, remained in force as security for the weekly payments after the payment of the fixed sum. On the demurrer the trial court ruled against the defendant, and thereafter the parties attempted to raise the same question by reservation to this court. There was no stipulation as to the amount of damage sustained by the plaintiff. *Held:*—

1. That as there were questions of fact undisposed of, the case was not in shape for reservation, because it was not ready for final judgment.

2. That there was no question of law to be reserved, since the Superior Court, in ruling on the demurrer, had decided the only question of law in the case, thus settling the law controlling the case unless set aside on appeal.

3. That if the court had erred in its decision on the demurrer, the remedy by appeal was the most simple, direct and economical known to our practice.

Submitted on briefs June 9th—decided August 4th, 1921.

ACTION to recover damages for refusal to release an attachment upon personal property and to have the attachment declared void and discharged, brought to and reserved by the Superior Court in New Haven County (*Webb, J.*) for the advice of this court. *Cause remanded without advice.*

*Omar W. Platt*, for the plaintiff.

*Seymour C. Loomis*, for the defendant.

BURPEE, J. Section 70 of the rules of this court (Practice Book, 1908, p. 286) prescribes that this court will not entertain a reservation for its advice unless the question or questions of law presented are such that "it appears that their present determination would be in the interest of simplicity, directness, and economy of judicial action."

Section 71 prescribes as follows: "Before any such question shall be reserved by any court, counsel shall file in said court a stipulation which shall clearly and fully state the question or questions upon which advice is desired; that their present determination by this court would be in the interest of simplicity, directness and economy in judicial action, the grounds of such allegation being particularly stated; that the question or questions are reasonably certain to enter into the final determination of the cause; and that the parties request that they be reserved for the advice of this court."

In their stipulation for this reservation, counsel have not stated any question upon which advice is desired, and have failed to comply in any particular with the requirements of this section of our rules. Therefore the Superior Court had no authority to reserve this cause, and could not confer jurisdiction

on this court to give advice. *Husted* v. *Mead,* 58 Conn. 55, 66, 19 Atl. 233. Indeed, the Superior Court does not state in the reservation that it reserves any question of law for the advice of this court; it asks only "whether on the agreed facts the plaintiff is entitled to recover from the defendant." Only facts are presented for consideration. Such a reservation is not included within or intended by the provisions of § 70 of our rules, and will not be entertained.

If we look outside of the stipulation and the reservation themselves and into the whole record, we find that the only question of law which appears in this cause has already been decided by the Superior Court. By a demurrer to the amended complaint, the defendant raised the question whether an attachment made in a divorce proceeding, in which by final decree the defendant had been ordered to pay a fixed sum and in addition to pay weekly a part of his income to the divorced woman during her lifetime, remained in force as security for the weekly payments after the payment of the fixed sum. On this demurrer the trial court ruled against this defendant, and this decision settled the law controlling this case, unless set aside by appeal. But before an appeal could be taken, certain questions of fact relating to damages must be determined as a basis for a final judgment by the trial court. So the defendant filed an answer admitting some and denying other allegations of the complaint. Manifestly the questions of fact thus raised must be disposed of by a trial court before this cause will be ready for final judgment. If this court should advise that the attachment ceased to be in force after the principal payment ordered by the divorce decree was completed, the cause would have to be remanded for hearing upon the question of damages; for while it is stated that the plaintiff claims only nominal damages,

it is not stated that the defendant admits, nor does it appear that the plaintiff would be able to prove, that he should recover even nominal damages. No stipulation has been made and placed on record in this case that the advice to be given by this court should end the case. *State* v. *Scott,* 80 Conn. 317, 318, 68 Atl. 258; *State* v. *Feingold,* 77 Conn. 326, 327, 59 Atl. 211. In the circumstances, it is not apparent that one could be made. Therefore the case was not in shape for reservation, because it was not "ready for final judgment."

The Superior Court has decided the only question of law arising in this action, without the advice of this court, and its decision is standing unquestioned. There remains no question appearing in any form upon which the advice of this court can be asked. No "point of law is sent up." *Hart* v. *Roberts,* 80 Conn. 71, 76, 82, 66 Atl. 1026. If the Superior Court erred in its decision, the remedy by appeal is the most simple, direct and economical known to our practice.

The cause is remanded without advice, to be proceeded with in the Superior Court.

No costs will be taxed in this court.

In this opinion the other judges concurred.