THE STATE OF CONNECTICUT vs. FREDERICK M. PASHALL ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided July 16th, 1934.

*John Henry Sheehan* and *Robert J. Woodruff*, with whom was *Louis Scherban*, for the appellants (defendants).

*Samuel E. Hoyt*, State's Attorney, with whom was *Abraham S. Ullman*, Assistant State's Attorney, for the appellee (plaintiff).

AVERY, J. On September 21st, 1932, Ralph Mele was arrested and brought before the criminal side of the Superior Court at New Haven on an information charging him with the crime of robbery while armed. The information and arrest grew out of a transaction known as the Lesnow robbery. On December 24th, 1932, Mele was admitted to bail on that information by virtue of the defendants, Frederick M. Pashall and Philomena Calamita, acknowledging themselves sureties in a recognizance in the sum of $15,000, conditioned that Mele would appear before the Superior Court to be held at New Haven on the second Tuesday of January, 1933, or to any term or session to which the case should be continued to answer to the

prosecution against him for that crime and to abide the judgment and order of the court thereon. On January 19th, 1933, a bench warrant was issued by the Superior Court for New Haven County having criminal jurisdiction for the arrest of Mele and other defendants charging them with the crime of conspiracy to commit robbery, and Mele was presented before the court upon the old charge of robbery while armed, and upon the new charge of conspiracy to rob, and by order of the court both cases were continued and assigned for trial for February 7th, 1933; and Mele was ordered to appear on that date and answer to the information charging him with the crime of robbery while armed. There was no connection between the Lesnow robbery in which the recognizance was given and the second transaction, the two crimes being entirely disassociated and disconnected from each other. On February 7th, while the Superior Court was in session and by order thereof, Mele was required to be present to answer to the information pending against him, charging him with the crime of robbery while armed, that a trial might be had thereon. Upon his failure to present himself in court at that time, and the failure of the defendants to produce him as ordered by the court, the bond was called and declared forfeited. The above facts are found by the court, and although the defendants have asked for certain additions to and corrections of the finding, from the statement of the proceedings before the court which appears in the record, no correction is permissible by which the defendants' position would be advantaged.

On this appeal, in addition to seeking corrections in the finding, the defendants have assigned error in the action of the trial court in sustaining demurrers to certain special defenses in the answers, in the exclusion of certain evidence and in rendering judgment for the

plaintiff on the bond. The real point of the appeal is that Mele, having been arrested and charged with the crime of robbery, and bond having been given upon which the defendants were sureties for his appearance to answer that information, and he having been arrested on January 19th, 1933, upon the second charge of conspiracy to rob and having been presented before the court and both cases continued until February 7th, an additional hazard was imposed on the sureties upon the original bond without their consent and thereby in law they were released. This contention is disposed of by *Hendee* v. *Taylor*, 29 Conn. 448, 456. In that case, the accused was bound over to the Superior Court for an assault and gave bond for his appearance before that court. He appeared and the attorney for the State filed an information against him upon another offense but did not abandon the original complaint. The accused absconded and his bond was called and forfeited, and we there said: "But his neglect to answer, when required, to the complaint on which he was bound over, was a clear breach of the condition of the recognizance. That complaint was not abandoned, and nothing intervened which amounted to an abandonment of it. It was returned to, and remained in court, to be proceeded with whenever the attorney, under the rules of the court, saw fit to call it up; and, of course, it was the duty of the defendant Patrick, when required, to answer to it. It is therefore no objection that he was called during the prosecution of the information against him for another offense, nor did the pendency of that prosecution affect his duty to appear on the complaint on which he was bound over."

The situation in the present case is not different. The accused was under arrest; and, while at large on bail, he was arrested for a separate and independent

offense; and, on January 19th, 1933, both cases were continued by order of the court for trial on February 7th. The accused did not appear and his bond was forfeited. The State did not abandon the first charge, nor was it attempted to make the bond security for his appearance upon the second charge, but both cases were continued in legal effect without any bond being given to secure the appearance of the accused upon the second charge. Under such circumstances, the sureties upon a bond given to secure the appearance of the accused are not discharged. 3 R. C. L. 52. "In all criminal cases where a party accused of crime is liberated on bail, the principal and sureties bind themselves that the principal shall appear before the court at the time and place appointed and answer to the crime charged against him. The form of the recognizance is without reservation or condition, but the law excuses the sureties if they are prevented by the act of God, or by the act of the law, or by the act of the obligee, from fulfilling the requirements of the bond." *Taintor* v. *Taylor,* 36 Conn. 242, 252. None of these conditions under which the sureties are excused existed in the instant case. The defendants rely largely upon the case of *State* v. *Brown,* 16 Iowa, 314, 319. In that case it would appear that the accused was bound over to the District Court upon a charge of grand larceny and the bond was given to answer to that charge. Apparently, from the record, it was not pursued and in the District Court he was indicted for burglary to which charge he failed to answer.

At the trial in the present case, the defendant attempted to inquire of the attorney for the State, as a witness, into the nature of the second charge for the purpose of proving that it really involved a homicide, and, upon objection by the State, this evidence was excluded. It was immaterial to the defendants' liabil-

ity whether the second offense was in fact more serious than the first, or not.

It remains to discuss the ruling on the demurrers. The defendant Pashall filed an answer alleging by way of special defense that Mele was arrested upon a bench warrant issued by the Superior Court charging him with conspiracy, and that thereupon he was released without bond without any knowledge of the defendant of such arrangements. The special defense of the defendant Calamita alleged that the crime for which Mele was arrested in January charging him with conspiracy was a distinct and separate charge from the one on which he had been previously released on bail, and that he was released upon this new charge on the same $15,000 bond without the knowledge or consent of the defendant. These special defenses were demurred to upon the ground that it was not alleged that the first charge was abandoned by the State and the demurrers were sustained. Whatever we might hold had the matter stopped with the demurrers, it appeared upon the trial and is found by the court that on January 19th, 1933, both cases against Mele were continued for his appearance February 7th; that he was ordered to appear on February 7th to answer to the complaint charging him with the crime of robbery on which information the bond had been given, and that it was not attempted to make the bond security for his appearance on the second charge; and we are entitled to regard proof of that fact as sufficient to obviate any possible error on the ruling on the demurrers. *Dombroski* v. *Abrams,* 116 Conn. 454, 456, 165 Atl. 457; *Scott* v. *Scott,* 83 Conn. 634, 636, 78 Atl. 314; *Hartford-Aetna National Bank* v. *Anderson,* 92 Conn. 643, 645, 103 Atl. 845.

There is no error.

In this opinion the other judges concurred.