NICHOLAS GUERRIERI *v.* MARITTA E. MERRICK

DALY, C. J., BALDWIN, KING, MELLITZ and SHEA, Js.

Argued June 5—decided July 8, 1958

*Joseph Neiman,* for the appellant (plaintiff).

*Arthur E. Howard, Jr.,* with whom was *P. Corbin Kohn,* for the appellee (defendant).

BALDWIN, J. The plaintiff was injured in attempting to reach a bus near the intersection of Ford and Pearl Streets in Hartford. The bus had been traveling west on Pearl Street and had stopped in the southerly of the two westbound lanes behind one or two other vehicles which had come to a stop at the intersection for the traffic light. The defendant was also driving west. Her automobile was some little distance behind the bus and was in the northerly of the westbound lanes. The plaintiff, who was blind in his left eye, crossed from the sidewalk on the north side of Pearl Street to get on the bus although it was not stopped in a place to receive passengers or on a crosswalk. He collided with the defendant's car. The trial court rendered judgment for the defendant, and the plaintiff has appealed.

Of the errors assigned, only two are pressed in brief and argument. Both concern rulings on evidence. The contributory negligence of the plaintiff was a decisive issue in the case. He claimed that before he left the sidewalk he looked to his left but did not see the defendant's car. The defendant claimed that the plaintiff ran into her car while it was standing still and fell, injuring himself. Immediately af-

ter the accident, the defendant took the plaintiff in her automobile to the office of Dr. John Shoukimas, although the plaintiff insisted that he was not injured. The doctor examined him. He was called as a witness by the defendant and testified: "This history [of the accident] was given both by the [plaintiff] and by [the defendant] and they both confirmed it, stating that while [the plaintiff] was running for a bus . . . he ran into [the defendant's] car." On cross-examination the doctor stated that he had made notes, which he had in court; that the defendant had related the circumstances of the accident; that all of what she said was not in the hearing of the plaintiff, and that he, the doctor, could not recall what portion of what she said was in the plaintiff's hearing and what was not. The plaintiff moved to strike out the doctor's testimony, so far as it related to the history of the accident, as hearsay. The court denied the motion. The defendant and a police officer who investigated the accident testified to the effect that the plaintiff admitted that he was running to catch the bus and "bumped into" the defendant's car.

The plaintiff's motion should have been granted. It appeared from the cross-examination of Dr. Shoukimas that the statement contained in his notes to the effect that the plaintiff was running for the bus and ran into the defendant's automobile was not made by the plaintiff. Consequently, it did not come within the rule stated in *Gilmore* v. *American Tube & Stamping Co.*, 79 Conn. 498, 504, 66 A. 4, and cases cited therein; see *Johnson* v. *Toscano*, 144 Conn. 582, 591, 136 A.2d 341. An erroneous ruling on evidence, however, does not constitute reversible error if it is harmless. *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 21, 118 A.2d 798. That the plaintiff was running to catch a bus and "bumped into" the de-

fendant's car was sufficiently established by his admissions to other witnesses. *Meech* v. *Malcolm,* 88 Conn. 720, 728, 92 A. 657; *Shea* v. *Hemming,* 97 Conn. 149, 155, 115 A. 686; *Falso* v. *Poli-New England Theatres, Inc.,* 127 Conn. 367, 373, 17 A.2d 5; Maltbie, Conn. App. Proc., § 31. In view of the facts found by the trial court and not questioned, it cannot be said that the omission of Dr. Shoukimas' testimony as above set forth would have been at all likely to affect the result. Maltbie, op. cit., p. 27. Therefore the plaintiff can take nothing by the assignment of error in this ruling on evidence.

By the other ruling, evidence was excluded as improper rebuttal, which it was. In any event, the ruling cannot be considered because no exception was taken. Practice Book § 155; *Delfino* v. *Warners Motor Express,* 142 Conn. 301, 308, 114 A.2d 205.

There is no error.

In this opinion the other judges concurred.