STATE OF CONNECTICUT *v.* STANLEY L. SUL

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 4—decided December 24, 1958

*Robert B. Seidman,* with whom was *Sidney Vogel,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

BALDWIN, J.    The information, in four counts, charged that the defendant had violated § 8567 of

the General Statutes[1] in that on four different days
he "did have in his possession with intent to sell,
offer and show certain booklets containing obscene
and indecent language and also obscene and indecent
pictures, against the peace and contrary to the form
of the statute." The defendant demurred, alleging
that the statute violated constitutional guarantees
of freedom of speech and of the press as those may
be included among the liberties protected from state
action by the fourteenth amendment to the federal
constitution. The trial court overruled the demurrer,
and the defendant entered a plea of not guilty and
elected to be tried to the court without a jury. General Statutes, Cum. Sup. 1955, § 3326d. The state
withdrew two of the four counts. After a full hearing, the trial court found the defendant guilty. He
has appealed from this judgment, assigning error
only in the ruling on the demurrer.

The constitutionality of a statute upon which a
criminal prosecution is based can be raised by demurrer. *State* v. *McKee,* 73 Conn. 18, 24, 46 A .409;
4 Wharton, Criminal Law & Procedure, § 1872. The
accused may plead over after a demurrer has been
overruled. General Statutes § 8803; 4 Wharton,
op. cit., p. 731. He does not thereby waive the right
to have the ruling upon demurrer reviewed on ap-

---

[1] "Sec. 8567. OBSCENE LITERATURE AND PICTURES. *Any person who*
shall buy, sell, advertise, lend, give, offer or show, or have in his
possession with intent to sell, lend, give, offer or show, any book,
pamphlet, paper or other thing containing obscene, indecent or impure language, or any picture, print, drawing, figure, image or other
engraved, printed or written matter of like character, or any article
or instrument of indecent or immoral use or purpose, unless with
intent to aid in their suppression or in enforcing the provisions
hereof, or shall design, copy, draw, photograph, print, etch, engrave,
cut, carve, make, utter, publish or otherwise prepare, or assist in
preparing, anything herein named, shall be imprisoned not more than
two years or be fined not more than one thousand dollars or both."

peal. *Hunter's Appeal,* 71 Conn. 189, 199, 41 A. 557; *West* v. *H. J. Lewis Oyster Co.,* 99 Conn. 55, 67, 121 A. 462; 4 Wharton, op. cit., p. 731. He may raise constitutional questions again upon the subsequent trial on the merits. 41 Am. Jur. 472, § 255. However, when the ruling upon a demurrer is followed by an answer or by a plea of not guilty, as in the case at bar, the ruling is reviewed on appeal with reference to all the proceedings following the plea. *State* v. *Hayes,* 127 Conn. 543, 582, 18 A.2d 895; *State* v. *Pashall,* 118 Conn. 645, 650, 174 A. 175; *Wood* v. *Connecticut Savings Bank,* 87 Conn. 341, 349, 87 A. 983; *Scott* v. *Scott,* 83 Conn. 634, 636, 78 A. 314; *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 A. 1084; Maltbie, Conn. App. Proc., §§ 65, 66.

A statute may operate in a manner consistent with constitutional requirements when applied to one set of circumstances, although as to another it may produce a result which makes its operation unconstitutional. *Len-Lew Realty Co.* v. *Falsey,* 141 Conn. 524, 530, 107 A.2d 403; *Corthouts* v. *Newington,* 140 Conn. 284, 288, 99 A.2d 112. Put another way, the constitutional validity of a statute must be tested by its effect on the one who challenges it under the particular circumstances of his case and not under some other and different circumstances. *United Public Workers of America* v. *Mitchell,* 330 U.S. 75, 90, 67 S. Ct. 556, 91 L. Ed. 754; *Fleming* v. *Rhodes,* 331 U.S. 100, 104, 67 S. Ct. 1140, 91 L. Ed. 1368; *Pierce* v. *Albanese,* 144 Conn. 241, 251, 129 A.2d 606; *State* v. *Sinchuk,* 96 Conn. 605, 615, 115 A. 33.

After the demurrer of the defendant was overruled and he had entered a plea of not guilty, the case was tried upon its merits to the court without a jury. Under our rules, which are applicable to the

trial of criminal as well as civil cases, if counsel intends to raise questions of law which may be subject to appeal, he must state them in his argument. Such questions must be presented in writing, also, as claims of law, unless the exigencies of the case render this impracticable. Practice Book §§ 154, 327. Further, there are other occasions during the actual development of the evidence upon a trial when questions of law can be raised for presentation on appeal. In the instant case, the defendant has chosen to come before us on a record made to present a single assignment of error, to wit, the overruling of his demurrer. He makes no claim of any error during the actual trial either as to the manner in which the trial court construed § 8567 with reference to the evidence adduced in order to reach a conclusion of guilt or in any other respect. There is no finding of facts, nor were there any claims of law. The record includes neither the booklets which were alleged to contain obscene or indecent language or pictures nor any of the verbal testimony or other evidence. It may well be that the language and pictures contained in the booklets were patently obscene and that it was obvious from all the circumstances that the defendant knew that they were. It is true that constitutional questions may be raised upon a demurrer. It is also true that when a demurrer is overruled and the defendant pleads over and goes to trial on the merits, these questions may not present any reversible error when reviewed in the light of the facts found by the trial court from evidence properly received under the pleadings and in the light of the application of the law to those facts. *State* v. *Hayes,* 127 Conn. 543, 582, 18 A.2d 895; *State* v. *Pashall,* 118 Conn. 645, 650, 174 A. 175; *Hartwell* v. *Watertown,* 123 Conn. 657, 660, 197 A. 755; *West* v.

*H. J. Lewis Oyster Co.,* 99 Conn. 55, 69, 121 A. 462.

The trial judge was not bound by the previous ruling on the demurrer. *Albrecht* v. *Rubinstein,* 135 Conn. 243, 247, 63 A.2d 158. This principle has particular significance in the instant case, since, owing to our circuit system, the judge who ruled upon the demurrer did not try the case on the merits. Upon the overruling of his demurrer, the defendant could have refused to plead over, let judgment enter, appealed from the judgment and raised the questions of law which he now presents. Instead, he has appealed from the judgment entered after trial, but he assigns no error in the trial. Where there has been a trial on the merits, this court should have the opportunity of reviewing the questions of constitutionality upon the facts established at the trial. "[O]nly an adjudication on the merits can provide the concrete factual setting that sharpens the deliberative process especially demanded for constitutional decision." *United States* v. *International Union,* 352 U.S. 567, 591, 77 S. Ct. 529, 1 L. Ed. 2d 563. If this was not a criminal conviction under a statute defining a serious crime and imposing a substantial penalty, we would be constrained to rule that the defendant, by entering a plea of not guilty after his demurrer was overruled and proceeding to a trial during which he invoked no rulings on questions on the constitutionality of the statute to furnish bases for assignments of error on appeal, is precluded from pursuing on this appeal any error claimed in the overruling of his demurrer. *State* v. *Hayes,* supra; Maltbie, Conn. App. Proc., §§ 65, 66; see *Kelly* v. *Waterbury,* 96 Conn. 494, 496, 114 A. 530; *Harrison* v. *Harrison,* 96 Conn. 568, 571, 114 A. 681. The construction of § 8567, however, involves a matter of public interest and importance

because of recent decisions of the Supreme Court of the United States involving statutes of other jurisdictions similar to it. Consequently, we shall pass upon the constitutional questions raised from the point of view of the information upon which the defendant was found guilty.

Laws to prevent the circulation of publications containing obscene language or pictures have been upon the statute books of this state for many years.[2] Section 8567 was enacted in substantially its present form in 1895. Public Acts 1895, c. 205, § 1. In *State* v. *McKee,* 73 Conn. 18, 27, 46 A. 409, we held constitutional § 2 of that act, which made punishable by fine and imprisonment the sale, or possession with intent to sell, of any paper "devoted to the publication, or principally made up of criminal news, police reports, or pictures, and stories of deeds of bloodshed, lust, or crime." This provision, which remained substantially unchanged until 1935, was repealed in that year. Rev. 1902, § 1326; Rev. 1918, § 6398; Rev. 1930, § 6245; Cum. Sup. 1935, § 1700c. It is to be noted that § 8755 of the General Statutes exempts medical textbooks or any other purely medical literature, publication or advertisement from the operations of § 8567. This court has not had occasion until now to pass upon the constitutional validity of § 8567.

Obscenity is not protected by the unconditional language of the first amendment to the federal constitution. *Roth* v. *United States,* 354 U.S. 476, 483, 77 S. Ct. 1304, 1 L. Ed. 2d 1498. The primary requirements of decency may be enforced against

---

[2] Statutes, 1808, p. 100; Statutes, 1821, p. 165, § 69; Statutes, 1835, p. 138, § 82; Statutes, 1849, p. 250, § 135; Statutes, 1854, p. 340, § 135; Rev. 1866, p. 278, § 201; Rev. 1875, p. 512, § 3; Rev. 1888, § 1537; Rev. 1902, § 1325; Rev. 1918, § 6397; Rev. 1930, § 6244; see *Knowles* v. *State,* 3 Day 103, 107.

obscene publications. *Kingsley Books, Inc.* v. *Brown,* 354 U.S. 436, 440, 77 S. Ct. 1325, 1 L. Ed. 2d 1469; *Chaplinsky* v. *New Hampshire,* 315 U.S. 568, 572, 62 S. Ct. 766, 86 L. Ed. 1031. The same holds true of article first, § 6, of the constitution of Connecticut. In construing § 8567, the first question is where to draw the line between what is obscene and therefore violative of the statute and what is licit and therefore entitled to the protection afforded by the constitution. Section 8567 makes illegal, among other things, "possession with intent to sell, . . . offer or show, any book . . . containing obscene, indecent or impure language, or any picture . . . of like character." The information follows this precise language almost to the letter. Section 8567 contemplates a publication, such as a book or pamphlet, which, considered as a whole, has a predominant appeal to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and goes substantially beyond the customary limits of candor in describing or representing such matters. See *Roth* v. *United States,* supra, 487 n.20. The test is "whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest." Id., 489; see 2 Wharton, Criminal Law & Procedure, §§ 780, 787, 788.

The defendant asserts that § 8567 denies due process of law because it allows a conviction without proof of scienter. It is true that the statutory definition of the crime in § 8567 does not contain the word "knowingly" or its equivalent. The legislature, however, has a wide latitude in declaring what constitutes a crime and in excluding knowledge from its definition. *Lambert* v. *California,* 355 U.S. 225, 228, 78 S. Ct. 240, 2 L. Ed. 2d 228; *Chicago, B. & Q.*

*Ry. Co.* v. *United States,* 220 U.S. 559, 579, 31 S. Ct. 612, 55 L. Ed. 582; 14 Am. Jur. 768. The omission of the word "knowingly" is not conclusive upon the question whether, to secure a conviction, the prosecution must prove that the accused knew that the materials which he possessed were obscene and indecent. Many statutes defining crimes do not contain the word "knowingly" or its equivalent. *State* v. *Gaetano,* 96 Conn. 306, 316, 114 A. 82; see *State* v. *Kinkead,* 57 Conn. 173, 179, 17 A. 855; *Barnes* v. *State,* 19 Conn. 398, 404; 1 Wharton, op. cit., § 17. Whether knowledge is a necessary element in proving that a prohibited act is a crime is a matter of legislative intention. *United States* v. *Balint,* 258 U.S. 250, 252, 42 S. Ct. 301, 66 L. Ed. 604. Section 8567 specifically requires proof of possession with intent to sell, etc. See *State* v. *Nathan,* 138 Conn. 485, 487, 86 A.2d 322. Whether guilty knowledge is to be implied as an essential part of a crime when the statutory definition does not mention it must be determined from the general scope of the statute and the nature of the acts to be avoided. *State* v. *Gaetano,* supra, 316; *State* v. *Nussenholtz,* 76 Conn. 92, 96, 55 A. 589; *Myers* v. *State,* 1 Conn. 502, 504.

"Obscene" and "indecent" are not technical terms of law and hence susceptible of fine distinctions. Whether something is obscene or indecent depends upon all of the surrounding circumstances. Section 8567 comprehends material which from its very character a person of sound mind must know was obscene and indecent. See 2 Wigmore, Evidence (3d Ed.) p. 43. It also includes material which by the method of its presentation to the prospective reader or viewer shows a design to appeal to sordid interest. See *Roth* v. *United States,* supra, 495 (concurring opinion). To cite an example: If language and

pictures describing or portraying human sex organs are contained in a book or brochure on medical science and treat the subject with no more frankness than is required, they would not be obscene or indecent within the statute. But if the same language and pictures were taken from their context and compiled in pamphlet form to be sold or shown to children, they would be. *People* v. *Tylkoff*, 212 N.Y. 197, 206, 105 N.E. 835, 838 (concurring opinion); *People* v. *Muller*, 96 N.Y. 408, 413. The purpose of the statute is to prevent the selling, showing or offering of obscene or indecent material falling within the description stated. It must be assumed that the legislature was aware that such material was likely to be sold, offered or shown by one who knew from its nature that it would have an appeal to prurient interest. Other statutes provide for the seizure and destruction of obscene and indecent materials regardless of who possesses them or his knowledge or intent in such possession. General Statutes §§ 8752, 8753, 8754. Section 8567 requires proof of intent. Intent is a mental process, and under the terms of the section it is the obvious intendment of the legislature that the word "intent" should imply knowledge that the material is, in fact, obscene or indecent. Ordinarily, intent can be proven only by circumstantial evidence. *State* v. *Nathan*, 138 Conn. 485, 488, 86 A.2d 322. The same holds true in this instance of knowledge of the character of the material possessed. *State* v. *Heno*, 119 Conn. 29, 32, 174 A. 181; *State* v. *Weiner*, 84 Conn. 411, 417, 80 A. 198. We hold that proof of knowledge that the proscribed material is obscene or indecent is requisite to a conviction under § 8567.

The defendant points to the word "impure" in § 8567 as being too vague and uncertain in its mean-

ing to give adequate warning of the conduct proscribed or to furnish limits sufficiently distinct to guide judges and juries in a fair administration of the law. *Joseph Burstyn, Inc.* v. *Wilson,* 343 U.S. 495, 504, 72 S. Ct. 777, 96 L. Ed. 1098; *United States* v. *Petrillo,* 332 U.S. 1, 7, 67 S. Ct. 1538, 91 L. Ed. 1877; *Winters* v. *New York,* 333 U.S. 507, 509, 68 S. Ct. 665, 92 L. Ed. 840. The word "impure" is not here involved. The defendant was charged with possessing, with intent to sell, booklets containing "obscene and indecent" language and also "obscene and indecent" pictures. He conceded by his demurrer that the booklets he possessed contained such language and pictures. *McNish* v. *American Brass Co.,* 139 Conn. 44, 48, 89 A.2d 566. So far as it appears from the record before us, the presence of the word "impure" in the statute in no way affected the defendant and he has no standing to complain about it. Had he been charged with the possession, with intent to sell, of booklets containing impure language or pictures, it would be necessary to view the validity of the statute from that angle. Even if it is conceded, for the purpose of argument, that the word "impure" is not sufficiently certain in its meaning to give a person charged under §8567 with the possession, with intent to sell, of books or pamphlets containing "impure" language or pictures proper warning of the charge against him, the presence of the word in the statute would not render it unconstitutional so far as the instant case is concerned. The words "obscene, indecent or impure" are used with the disjunctive "or," indicating that material of the character described which falls within the meaning of any one of these words is material proscribed by the statute. See *Bania* v. *New Hartford,* 138 Conn. 172, 179, 83 A.2d 165; 2 Sutherland,

Statutory Construction (3d Ed.) § 4923. A statute may be partially valid and partially invalid. If it is partially invalid, the valid part may stand if it and the invalid part are not so mutually connected and dependent as to indicate a legislative intent that they be inseparable. *Amsel* v. *Brooks,* 141 Conn. 288, 300, 106 A.2d 152. In the case at bar, the use of the disjunctive "or" indicates a clear legislative intent of separability. Ordinarily, the construction of a statute as to the separability of its provisions made by the highest appellate court of the state wherein it was enacted is accepted by federal and other state courts when the statute is challenged on constitutional grounds. *Chaplinsky* v. *New Hampshire,* 315 U.S. 568, 572, 62 S. Ct. 766, 86 L. Ed. 1031; *First Federal Savings & Loan Assn.* v. *Connelly,* 142 Conn. 483, 489, 115 A.2d 455.

"[T]he terms of a penal statute . . . must be sufficiently explicit to inform those . . . subject to it what conduct on their part will render them liable to its penalties. . . ." *Connally* v. *General Construction Co.,* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322; *United States* v. *Petrillo,* 332 U.S. 1, 7, 67 S. Ct. 1538, 91 L. Ed. 1877; *State* v. *Hurliman,* 143 Conn. 502, 509, 123 A.2d 767; *Amsel* v. *Brooks,* supra, 297. The terms of § 8567 are sufficiently explicit in defining the conduct proscribed to meet this test. In the absence of any claim of error showing that the trial court, in construing the statute, applied some other or different test of obscenity than that herein stated, or that it did not require or find proven the defendant's knowledge that the booklets were in fact obscene, we can assume that the court construed and applied § 8567 as we have construed it. *State* v. *Main,* 75 Conn. 55, 60, 52 A. 257; 24 C.J.S. 707, § 1849.

We hold that the statute, construed as hereinbefore stated, is constitutional and that the defendant's conviction for a violation of it did not contravene constitutional guarantees afforded by the fourteenth amendment to the federal constitution.

There is no error.

In this opinion the other judges concurred.