## State of Connecticut *v.* Baruch S. LeWitt

Appellate Division of the Circuit Court

File No. CR 15-9291

Argued January 17—decided April 15, 1966

*Edwin A. Lassman,* of Hartford, for the appellant (defendant).

*Mark S. Shipman,* assistant prosecuting attorney, for the appellee (state).

Levine, J. The defendant, the manager of a drive-in theater, was convicted of the crime of indecent or immoral exhibition in violation of § 53-245 of the General Statutes. The relevant portion of that section provides that "[a]ny person who produces or aids in the production of any exhibition, opera or performance of any theatrical, oper-

atic, dramatic or vaudeville show or exhibit of a lascivious, sacrilegious, indecent or immoral character . . . shall be" punished. The appeal assigns as error the court's conclusion that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. Ordinarily upon such an assignment of error we would examine the evidence to determine if there was proof presented by the state which the court could believe and which established guilt beyond a reasonable doubt. *State v. Pundy,* 147 Conn. 7, 8. Cases involving indecency and obscenity are, however, treated differently, and the appellate court is required to make its own independent constitutional judgment on the evidence introduced in the trial court as to the obscenity of the motion picture in question. *Jacobellis v. Ohio,* 378 U.S. 184. "[I]f 'obscenity' is to be suppressed, the question whether a particular work is of that character involves not really an issue of fact but a question of constitutional *judgment* of the most sensitive and delicate kind." *Roth v. United States,* 354 U.S. 476, 497 (dissenting opinion of Harlan, J.) ; *State v. Andrews,* 150 Conn. 92, 101.

In a consideration of obscenity, lascivious or indecent actions and material are included and are synonymous, so that the rules and standards set forth under the heading "obscenity" and covering literature, motion pictures and all other arts provide the basis and precedent for the interpretation of § 53-245. The United States Supreme Court has determined that motion pictures are included within the protection of the constitutional guarantees of freedom of speech and of the press. *Joseph Burstyn, Inc. v. Wilson,* 343 U.S. 495, 502; *Jacobellis v. Ohio,* supra; *Smith v. California,* 361 U.S. 147; see *State v. LeWitt,* 3 Conn. Cir. Ct. 429, 432. Obscenity, however, is not protected by the first and fourteenth amendments, and there is no freedom

to exhibit motion pictures of every kind at all places and at all times. *Joseph Burstyn, Inc.* v. *Wilson,* supra; *Ex parte Jackson,* 96 U.S. 727, 736; *Times Film Corporation* v. *Chicago,* 365 U.S. 43; see *State* v. *Sul,* 146 Conn. 78, 84; *State* v. *Andrews,* 150 Conn. 92. "But implicit in the history of the First Amendment is the rejection of obscenity as utterly without redeeming social importance." *Roth* v. *United States,* 354 U.S. 476, 484. "In an unbroken series of cases extending over a long stretch of this Court's history, it has been accepted as a postulate that 'the primary requirements of decency may be enforced against obscene publications.'" *Kingsley Books, Inc.* v. *Brown,* 354 U.S. 436, 440.

On July 26, 1965, the motion picture "The Dirty Girls" or "The D-Girls" was shown to the audience at the Berlin Drive-In Theater. The film depicts two "ladies of the evening" practicing their trade, "the oldest profession in the world," and shows one night in the life of a Parisian prostitute and one night in the life of her Bavarian counterpart. The film is best described as a documentary of sex and sexual eroticism or a picture catalog of sex practices and consists of several episodes running the gamut from normal sexual relations to many known forms of sexual deviation including lesbianism, narcissism and cunnilingus.[1] While the actual acts themselves are not shown, what is shown omits only the actual acts of consummation. In an episode depicting sadism, the beating of the prostitute by the male is shown, as is the beating by the prostitute of the male in the scenes depicting masochism. Another episode portrays on the motion picture screen only the prostitute's face in passion while some act of eroticism is being performed on her by the male involved in the episode, who is not shown. There

[1] Krafft-Ebing, Psychopathia Sexualis; Chideckel, Female Sex Perversion.

are many scenes which involve the showing of the preliminaries to sexual acts, the so-called courting by amorous kisses with the mouths of the participants open, caresses of the body, and other physical means involving the arousing and stimulation of passion.

Obscenity has been defined as an exhibition, manifestation or work of speech or expression which, considered as a whole, has a predominant appeal to the prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion. It goes substantially beyond the customary limits of candor in describing or representing such matters. The test is whether to the average person, applying contemporary community standards, on a national basis, the dominant theme of the material, taken as a whole, appeals to prurient interest. *Jacobellis* v. *Ohio,* supra, 191, 195; *Roth* v. *United States,* supra, 484, 487, 489; *State* v. *Andrews,* supra, 102; *State* v. *Sul,* supra, 85.

In *Jacobellis,* supra, 187, the United States Supreme Court said: "[A]pplication of an obscenity law to suppress a motion picture thus requires ascertainment of the 'dim and uncertain line' that often separates obscenity from constitutionally protected expression." It went on (p. 191) to provide some guide for that "dim and uncertain line": "We would reiterate, however, our recognition in *Roth* that obscenity is excluded from the constitutional protection only because it is 'utterly without redeeming social importance,' and that 'the portrayal of sex, *e. g.,* in art, literature and scientific works, is not itself sufficient reason to deny material the constitutional protection of freedom of speech and press.' . . . It follows that material dealing with sex in a manner that advocates ideas, *Kingsley Int'l Pictures Corp.* v. *Regents,* 360 U.S. 684, or that has literary

or scientific or artistic value or any other form of social importance, may not be branded as obscenity and denied the constitutional protection. Nor may the constitutional status of the material be made to turn on a 'weighing' of its social importance against its prurient appeal, for a work cannot be proscribed unless it is 'utterly' without social importance."

The episodes of the film are not only suggestive of lascivious and obscene activity and patently offensive but actually portray such activity short of picturing the final act of consummation. The picture is utterly devoid of literary or artistic content, and the dominant theme, if it can be termed a theme—rather it should be termed the dominant purpose—is to appeal to the prurient interest of the national average person as well as deviant groups. See *Mishkin* v. *New York,* 383 U.S. 502. To ascribe to this picture a plot would be giving it more than its author, producer and director provided. The obvious purpose of the film is to exploit for gain, to pander to the national average person, as well as the curious and sexually immature and those who revel in eroticism. The film is without any scientific or artistic purpose or justification and centers predominantly upon what is sexually perverse and bizarre. No pretense is made about what is shown, and the vivid portrayals of libidinous, sexual and erotic relations of heterosexual and homosexual nature are its only purpose. In summary, it can be said that this motion picture is utterly without social importance of any kind.

We conclude that the motion picture "The Dirty Girls" or "The D-Girls" is obscene, lascivious, indecent and immoral within the terms of § 53-245 and within the standards of obscenity set forth in the *Jacobellis-Roth-Sul-Andrews* test, and that there

was evidence beyond a reasonable doubt of the commission of the crime alleged.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.