DOROTHY K. OBERMEIER ET AL. *v.* JORGEN W. NIELSEN
ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 10, 1968—decided March 4, 1969

*Snow G. Munford,* with whom, on the brief, was *James P. Connolly,* for the appellant (named defendant).

*Sanford J. Plepler,* with whom was *Rolland J. Castleman,* for the appellees (plaintiffs).

RYAN, J. This is a negligence action arising out of a multiple collision of automobiles in a line of traffic on Main Street in East Hartford. The plaintiffs Dorothy K. Obermeier and Lorraine R. Jones seek to recover damages for personal injuries sustained when the automobile driven by Mrs. Obermeier, in which Mrs. Jones was a passenger, was struck from behind by a car owned and operated by the defendant Jorgen W. Nielsen. The respective husbands of these plaintiffs seek to recover for medical expenses which they incurred as the result of the injuries.

The jury returned a verdict for all of the plaintiffs against the defendant Nielsen only and in favor of the defendants Guy A. Lamarche and The General Accident Fire and Life Assurance Corporation, Ltd. Nielsen moved to set aside the verdict, and, upon the denial of his motion, he has appealed to this court from the judgment rendered thereon. The remaining defendants are not involved in this appeal.

Nielsen assigns error in the ruling of the trial court admitting certain testimony of a police officer who investigated the accident. In the trial of the case, there was no dispute as to the order of the respective cars as they proceeded in the same direction in a line of traffic on Main Street. A car operated by Steven F. Corbin, who is not a party to this action, was the first car in line. It was identified in the police investigation as car 4. Car 3,

the Obermeier car, came next followed by car 2, the Nielsen car, and car 1, owned by The General Accident Fire and Life Assurance Corporation, Ltd., was operated by Lamarche. It became of importance to determine whether the Obermeier car struck the Corbin car, which was in front of it, or whether the Obermeier car was stopped prior to its being pushed into the Corbin car. The police officer who investigated the accident talked with Corbin, with Mrs. Obermeier, and with Nielsen and Lamarche when they were together in his cruiser, and each made statements in the presence of each other. As a result of this conversation with all four operators, the officer determined which driver made the first impact. During cross-examination of the officer by Lamarche, the court admitted the following testimony over the objection of Nielsen: The officer inquired of the drivers which impact was first and was told that it involved the Nielsen car hitting the rear of the Obermeier car. The officer was unable to recall whether Nielsen said anything concerning this matter while all four operators were together in the police cruiser. The officer was told that the Corbin car initially came to a stop in traffic; that the Obermeier car came to a stop behind the Corbin vehicle; that then the Nielsen car struck the Obermeier car from the rear; that following this there was a contact between the Obermeier and the Corbin cars; and that Lamarche saw Nielsen's car stopping quickly, applied his brakes on the wet road and struck the Nielsen car slightly. The officer testified also that his investigation disclosed only one impact to the Obermeier car.

Nielsen objected to the admission of the officer's testimony on the ground that it was hearsay. The court overruled the objections apparently because

the statements were made to the officers in the presence of all four drivers. Except for the statement identified as having been made by Lamarche, there is nothing contained in the officer's testimony to indicate which of the drivers made the various statements recited by him. Nielsen excepted to the rulings of the court.

The testimony of the police officer contains several extrajudicial statements made by a person or persons unidentified, except for Lamarche, which were offered to prove the truth of the matters asserted therein. The statements are clearly hearsay and inadmissible unless they come within one of the exceptions to the hearsay rule. Most of the exceptions to the rule are permitted because it is believed that safeguards are present which at least approach those given by the opportunity for cross-examination existing where hearsay testimony is not involved. *Brown* v. *Blauvelt,* 152 Conn. 272, 275, 205 A.2d 773; 4 Wigmore, Evidence (3d Ed.) § 1048, p. 3. The only exception to the hearsay rule which might be applicable to the officer's testimony is an admission by silence predicated on a failure of the defendant Nielsen to deny the statement made in the presence of all the drivers.

"The failure of one person to contradict or reply to the statement of another person made in his presence and hearing may amount to an admission by adoption of the other's assertion, providing the person remaining silent actually heard and understood the statement and was not disabled or prevented from replying, and the statement, under the circumstances made, was such as would naturally call for an answer. Under such circumstances evidence of the making of the statement and the silence of the person in whose presence it was made is ad-

missible under the exception to the hearsay rule raised with respect to admissions .... This is known as the doctrine of 'tacit admissions,' and its applicability with respect to the silence of a party to civil litigation after the making in his presence of a statement regarding the circumstances of an accident involved in such litigation has been recognized in many cases." Note, 70 A.L.R.2d 1099, 1102. This rule has long been recognized in Connecticut. *Weller* v. *Fish Transport Co.*, 123 Conn. 49, 58, 192 A. 317; *Kelly* v. *Waterbury*, 96 Conn. 494, 498, 114 A. 530; *Huber* v. *H. R. Douglas, Inc.*, 94 Conn. 167, 180, 108 A. 727; *Card* v. *Foot*, 56 Conn. 369, 373, 15 A. 371. To render admissible the testimony objected to in the instant case, it was essential to establish that Nielsen comprehended the statements made, that he had the opportunity to speak, that the circumstances naturally called for a reply from him and that he remained silent. *Weller* v. *Fish Transport Co.*, supra. In response to a question as to whether Nielsen said anything concerning a damaging statement made in the police car, the witness replied: "I can't recall, sir." One of the fundamental requirements for the admission of the officer's testimony was therefore lacking, and the ruling of the trial court was erroneous.

The plaintiffs urge that, even if the testimony in question was erroneously admitted into evidence, the error was harmless because the basic facts contained in the officer's testimony were corroborated by the testimony of other witnesses. We have held in numerous cases that, where the facts contained in testimony admitted into evidence by an erroneous ruling are established by other evidence, the ruling does not constitute reversible error if it is harmless. *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 21,

118 A.2d 798; see *Sondik* v. *Beth El Temple of West Hartford, Inc.*, 152 Conn. 712, 714, 207 A.2d 583. The ultimate question in such a situation is whether the erroneous ruling of the court would have been likely to affect the result. *Guerrieri* v. *Merrick*, 145 Conn. 432, 435, 143 A.2d 644. It is true, of course, that the appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him. *Casalo* v. *Claro*, 147 Conn. 625, 630, 165 A.2d 153; *Sears* v. *Curtis*, 147 Conn. 311, 316, 160 A.2d 742; *Guerrieri* v. *Merrick*, supra, 434; *DeCarufel* v. *Colonial Trust Co.*, supra. Here, however, the only other testimony introduced to establish the fact that Nielsen precipitated the initial collision came from the other parties to the action. They were, of course, interested witnesses. The only disinterested witness who testified concerning this matter was the police officer. On the record we cannot say that the ruling could not reasonably have affected the result and that it was not probably harmful. *Kucza* v. *Stone*, 155 Conn. 194, 199, 230 A.2d 559.

Since this conclusion is dispositive of the appeal, it is unnecessary to discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.