BARRETT-NONPAREIL, INC. *v.* HERBERT STOLL

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued November 13, 1974—decision released March 4, 1975

*William M. Ivler,* for the appellant (defendant).

*Kenneth A. Leary,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff sought recovery from the defendant for labor and materials furnished under an oral contract in the first count and in quantum meruit for the same amount in the second count. The defendant, in an affirmative special defense, pleaded payment, and accord and satisfaction. Judgment was rendered for the plaintiff, and the defendant has appealed.

The court's finding of facts, which is subject to one correction which will be discussed below, is as follows: On August 22, 1967, the plaintiff, a roofing and sheet metal contractor, submitted a proposal to perform certain roofing work on a building being erected by the defendant. The defendant requested a reduction of work to be performed and a reduction of price, and a subsequent oral modification of the August 22 proposal was submitted by the plaintiff to the defendant. Authorization to proceed with the work was given by the defendant. The plaintiff commenced performance under this contract on September 6, 1967, and completed the work on November 24, 1967. A bill was sent to the defendant and it has never been paid. The court also found that the plaintiff had performed work for and under a contract with the defendant's predecessor in interest and title to the apartment building. On October 20, 1967, the plaintiff filed a mechanic's lien for work performed under contract with the defendant's predecessor during the period of December 22, 1966, through and including September 21, 1967. The creditors of the defendant's predecessor engaged Attor-

ney Robert A. Slavitt to represent them before and after the defendant took title. Attorney Franklin Melzer represented and was trustee and agent for the defendant during this time. The debts existing prior to the defendant's takeover of the building, and only those debts, were negotiated by Attorney Slavitt on behalf of the creditors and by Attorney Melzer on behalf of the defendant. An agreement was reached on these debts on December 4, 1967, and payments were made to the plaintiff pursuant to this agreement in exchange for release of his mechanic's lien. The court also found that Attorney Franklin Melzer was available to testify but did not do so.

The defendant assigns error in the court's refusal to include in its finding four paragraphs of the draft finding. Two paragraphs are included, one is immaterial, and one is not admitted or undisputed. No additions are warranted. *Walsh* v. *Turlick,* 164 Conn. 75, 76–77, 316 A.2d 759. Of the ten paragraphs in the finding attacked by the defendant, all, with one exception, are supported in the appendices. The finding that Attorney Melzer was available to testify is unsupported by the evidence printed in the appendices and must be stricken. Practice Book §§ 627, 628, 718; *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215, 217–18, 319 A.2d 376; *Kowalczyk* v. *Kleszczynski,* 152 Conn. 575, 210 A.2d 444.

The court concluded that the services, labor and materials performed and delivered by the plaintiff had a fair market value of $1943, that the plaintiff was not obligated to perform this work under the contract with the defendant's predecessor, that the agreement of December 4, 1967, did not constitute an accord and satisfaction for the claim of

$1943, and that the defendant had wrongfully detained $1943 since November 30, 1967, when the bill was first sent. The court also found that the failure of the defendant to produce Attorney Melzer as a witness led to an inference that his testimony would be adverse to the defendant. This last conclusion must be stricken as it is not supported by the subordinate facts as corrected. Practice Book § 627; *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 245, 287 A.2d 379; *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 460, 226 A.2d 656.

The defendant argues that the agreement of December 4, 1967, was for all debts owed the plaintiff and that this agreement was an accord and satisfaction of all sums due from the defendant to the plaintiff. The court concluded otherwise. As its conclusions are supported by the subordinate facts found, they must stand. *American Can Co.* v. *Orange Pulp Co.,* 149 Conn. 417, 422, 180 A.2d 628; *Clark* v. *Hughes,* 139 Conn. 696, 698, 97 A.2d 114.

The court's conclusion that the absence of Attorney Melzer created an inference adverse to the defense was in error in that there is no evidence to support a finding that Attorney Melzer was available and that it was within the defendant's power to produce him. See *State* v. *Cobbs,* 164 Conn. 402, 424, 324 A.2d 234; *Queen* v. *Gagliola,* 162 Conn. 164, 169, 292 A.2d 890. It is established that the party claiming the benefit of the rule on the adverse inference must show that he is entitled to it. *State* v. *Brown,* 163 Conn. 52, 58, 301 A.2d 547; *Queen* v. *Gagliola,* supra. The ultimate question is whether this erroneous conclusion would affect the other conclusions or the subordinate facts found, and

whether this would have been likely to affect the result. *Mei* v. *Alterman Transport Lines, Inc.*, 159 Conn. 307, 316, 268 A.2d 639; *Obermeier* v. *Nielsen*, 158 Conn. 8, 13, 255 A.2d 819; *Guerrieri* v. *Merrick*, 145 Conn. 432, 435, 143 A.2d 644.

Even if the facts found and the court's conclusions were influenced by the adverse inference that Attorney Melzer would not have offered evidence to support the defendant's special defense or to contradict the plaintiff's case, that inference would not be harmful in this instance. This is true in light of the admission in the defendant's brief that "[i]n view of the testimony of attorney Slavitt who identified Franklin Melzer as 'the attorney and agent for Mr. Stoll' and his testimony of all his negotiations with attorney Melzer, there was no necessity to bring in attorney Melzer to testify other than to have him also make gratuitous remarks 'interpreting' a document which on its face is an unambiguous, unequivocal accord between plaintiff and defendant of the claim of this plaintiff against this defendant and his predecessors in interest. Without citation, it is respectfully submitted that the law will not require the doing of a useless act." The court specifically found that the "letter, dated December 4, 1967, was not designed to, nor did it state that it was to resolve all of the outstanding debts of the apartments. The purpose of the December 4, 1967 letter was to resolve those debts that existed as the result of the operation of the defendant's predecessor in interest." These findings were based on the court's interpretation of a document clear on its face and on the testimony of Attorney Slavitt. By the admission of the defendant, the testimony of Attorney Melzer would not have differed from that of Attorney Slavitt and could not have influenced the court's interpretation

of the document. Thus, while the drawing of an adverse inference was erroneous, under these particular circumstances, the substance of the inference was valid and its effect was not harmful. The striking of the conclusion referring to the adverse inference of the failure of a witness to testify would not change the result in any way. *Kobryn* v. *Kobryn*, 156 Conn. 638, 244 A.2d 411; *Taylor* v. *Taylor,* 154 Conn. 340, 341, 225 A.2d 196.

There is no error.

In this opinion the other judges concurred.